# *Exhibit A*

# TO THE NOTICE OF REMOVAL

*Exhibit A*

TO THE NOTICE OF REMOVAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AARON'S, INC., a Georgia corporation, and Does 1 through 30,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARMINDA SEVILLA, individually and on behalf of all other persons
similarly situated, and on behalf of the general public,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 2 8 2017

Sherri R. Carter, Executive Officer/Clerk

By: _M. Soto_ , Deputy
Moises Soto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California
County of Los Angeles, Central
111 N. Hill Street, Los Angeles, California 90012

**CASE NUMBER:**
*(Número de Caso):*
BC 659590

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shadie L. Berenji, Berenji Law Firm, APC., 8383 Wilshire Blvd., Suite 708, Beverly Hills, CA 90211

DATE: April 28, 2017
*(Fecha)* APR 2 8 2017    SHERRI R. CARTER, Clerk, by    M. Soto , Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (PCS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AARON'S INC., a Georgia Corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AARON'S, INC., a Georgia corporation, and Does 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARMINDA SEVILLA, individually and on behalf of all other persons similarly situated, and on behalf of the general public,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 28 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____ , Deputy
Moses Soto

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of the State of California County of Los Angeles, Central 111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):* **BC 659590** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shadie L. Berenji, Berenji Law Firm, APC., 8383 Wilshire Blvd., Suite 708, Beverly Hills, CA 90211

| | | | |
|---|---|---|---|
| DATE: April 28, 2017 *(Fecha)* APR 28 2017 | SHERRI R. CARTER | Clerk, by *(Secretario)* M. Soto | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

SHADIE L. BERENJI (SBN 235021)
ANDREW J. MALATESTA (SBN 286344)
**BERENJI LAW FIRM, APC**
8383 Wilshire Boulevard, Suite 708
Beverly Hills, California 90211
Telephone: (310) 855-3270
Facsimile: (310) 855-3751
Email: berenji@employeejustice.law
Email: malatesta@employeejustice.law

Attorneys for Plaintiff
ARMINDA SEVILLA, individually and on
behalf of all other persons similarly situated,
and on behalf of the general public.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 28 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ARMINDA SEVILLA, individually and on behalf of all other persons similarly situated, and on behalf of the general public,<br><br>      Plaintiff,<br><br>      v.<br><br>AARON'S, INC., a Georgia corporation, and Does 1 through 30, inclusive,<br><br>      Defendants. | Case No. **BC 659590**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>1. Failure to Pay Overtime Wages;<br>2. Failure to Reimburse Business Expenses;<br>3. Failure to Provide Rest Breaks;<br>4. Failure to Provide Meal Periods;<br>5. Failure to Timely Pay Wages;<br>6. Failure to Maintain Payroll Records and Provide Accurate Itemized Wage Statements;<br>7. Violation of California Unfair Competition Law.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ARMINDA SEVILLA ("PLAINTIFF" or "SEVILLA") brings this action against DEFENDANT AARON'S, INC. and DOES 1 through 30, inclusive (collectively "DEFENDANTS"), on behalf of herself and all others similarly situated, and alleges upon

1

CLASS ACTION COMPLAINT FOR DAMAGES

1  information and belief, except as to the allegations concerning PLAINTIFF or her counsel,

2  which are made upon PLAINTIFF's personal knowledge, as follows:

3  <u>**NATURE OF ACTION**</u>

4      1.    This action is brought on behalf of PLAINTIFF and a class of: (1) all hourly-paid

5  employees employed by, or formerly employed by, DEFENDANTS within the State of

6  California, to recover unpaid overtime compensation, wages for meal and rest break violations,

7  unreimbursed business expenses, statutory penalties, restitution, as well as other damages owed

8  pursuant to the California Labor Code and California Business and Professions Code section

9  17200 et seq. (the "Hourly Paid Class"); and, (2) all former similarly-situated employees of

10  DEFENDANTS that did not receive the timely payment of their wages upon the termination of

11  their employment to recover statutory penalties and damages owed pursuant to California Labor

12  Code section 203 (the "Waiting Time Class").

13      2.    As a result of DEFENDANTS' company-wide policies and practices,

14  PLAINTIFF and other members of the Hourly Class were denied overtime wages because

15  DEFENDANTS failed to include commission and bonuses earned when determining

16  PLAINTIFF and other members of the class' regular rate of pay for calculating their overtime

17  wages. PLAINTIFF and other members of the Hourly Class were also not reimbursed for

18  necessary business expenses because DEFENDANTS required them to wear specific uniforms

19  but did not reimburse PLAINTIFF and other members of the Hourly Class for the uniforms'

20  cost. Further, DEFENDANTS did not provide PLAINTIFF and other members of the Hourly

21  Class with off-duty, uninterrupted meal and rest breaks as they routinely compelled PLAINTIFF

22  and other members of the class to work during and through their meal and rest breaks.

23  PLAINTIFF and other members of the Hourly Class were not paid all wages due upon their

24  termination because they did not timely receive all compensation due including overtime wages,

25  additional wages for meal and rest periods that were not provided; premium pay for the failure

26  to provide meal and rest breaks; and reimbursement of business expenses. PLAINTIFF and

27  other members of the Waiting Time Class were not paid all wages due upon their termination

28  because they did not timely receive all of their earned wages. PLAINTIFF and other members

1  of the Hourly Class did not receive accurate itemized wage statements that complied with

2  California Labor Code section 226, subdivision (a), because the wage statements did not

3  accurately state gross wages earned, all applicable hourly rates in effect during the pay period

4  and the corresponding number of hours worked at each hourly rate, and net wages earned due to

5  DEFENDANTS' failure to properly calculate and pay overtime wages and to maintain lawful

6  meal or rest break policies.

7      3.    Upon information and belief, in an effort to boost profits, DEFENDANTS

8  systematically ignored their obligations under California wage and hour laws as set forth above.

9  PLAINTIFF is informed and believes and thereon alleges that these violations are continuing to

10  this day.

11      4.    PLAINTIFF and the members of the Hourly Class were not provided with meal

12  and rest breaks due to: DEFENDANTS' failure to maintain lawful meal or rest break policies;

13  DEFENDANTS' requiring them to work through and/or during their meal; and rest breaks, and

14  to work off-the-clock during their meal periods.

15      5.    PLAINTIFF and the members of the Hourly Class were denied overtime wages

16  due to DEFENDANTS' failure to properly determine their regular rate of pay and in turn,

17  failing to properly pay them their correct overtime wages.

18      6.    PLAINTIFF and the members of the Hourly Class were not reimbursed for

19  necessary business-related expenses and costs such as costs for required uniforms.

20      7.    At all times relevant to this action, DEFENDANTS also had, and continue to

21  have, a uniform policy and practice of knowingly and intentionally failing to furnish

22  PLAINTIFF and the Hourly Class at the time of each payment of wages, an itemized statement

23  in writing accurately showing all of the information required by the California Labor Code and

24  Industrial Welfare Commission ("IWC") Wage Orders.

25      8.    At all times relevant to this action, DEFENDANTS also had, and continue to

26  have, a uniform policy and practice of failing to pay PLAINTIFF and the Hourly Paid Class

27  and Waiting Time Class wages earned in a timely manner upon separation of employment.

28      9.    PLAINTIFF is informed and believes and thereon alleges that these violations

are continuing to this day.

3

CLASS ACTION COMPLAINT FOR DAMAGES

10. PLAINTIFF is a member of and the named representative for the "classes" as defined in paragraph 49 below. Specifically, PLAINTIFF is a member of and named representative of the Hourly Class, as defined in paragraph 49 below, and the Waiting Time Class, as defined in paragraph 49 below.

11. PLAINTIFF is a member of and the named representatives for the "Overtime Subclass" as defined in paragraph 50 below. The term "Overtime Wage Subclass" includes PLAINTIFF and all other persons similarly situated.

12. PLAINTIFF is a member of and the named representatives for the "Rest Period Subclass" as defined in paragraph 50 below. The term "Rest Period Subclass" includes PLAINTIFF and all other persons similarly situated.

13. PLAINTIFF is a member of and the named representatives for the "Meal Period Subclass" as defined in paragraph 47 below. The term "Meal Period Subclass" includes PLAINTIFF and all other persons similarly situated.

14. PLAINTIFF is a member of and the named representatives for the "Business Expense Reimbursement Subclass" as defined in paragraph 50 below. The term "Business Expense Reimbursement Subclass" includes PLAINTIFF and all other persons similarly situated.

15. PLAINTIFF is a member of and the named representatives for the "Itemized Wage Statement Subclass" as defined in paragraph 50 below. The term "Itemized Wage Statement Subclass" includes PLAINTIFF and all other persons similarly situated.

16. PLAINTIFF is a member of and the named representatives for the "Waiting Time Penalties Subclass" as defined in paragraph 50 below. The term "Waiting Time Penalties Subclass" includes PLAINTIFF and all other persons similarly situated.

17. As a result of DEFENDANTS' violations alleged herein, PLAINTIFF and the Hourly Class are entitled to the following remedies: 1) one and one-half times the regular rate of pay pursuant to California Labor Code section 1194 for work that exceeded eight (8) hours in one workday and/or forty (40) hours per workweek in violation of California Labor Code section 510; 2) reimbursement of business expenses that have not been reimbursed in violation of Labor Code section 2802; 3) premium pay under subdivision 12 of the applicable IWC

4

CLASS ACTION COMPLAINT FOR DAMAGES

Wage Orders for DEFENDANT'S failure to provide rest breaks in violation of California Labor Code section 226.7; 4) premium pay under subdivision 11 of the applicable IWC Wage Orders for missed and/or on-duty meal breaks in violation of California Labor Code sections 226.7 and 512; 5) waiting-time penalties under California Labor Code section 203 for untimely payment of final wages in violation of California Labor Code sections 201, 201.3, and/or 202; 6) actual damages and/or penalties under California Labor Code section 226, subdivisions (e) and (g), and penalties under section 2698 for inaccurate wage statements in violation of California Labor Code sections 226, 1174 and subdivision 7 of the applicable IWC Wage Orders; 7) restitution under California Business and Professions Code section 17203 for the unlawful and unfair business practices; and 8) an award of reasonable attorneys' fees and costs under California Labor Code sections 218.5 and 1194 and California Code of Civil Procedure section 1021.5 and/or other applicable law.

18.    As a result of DEFENDANTS' violations alleged herein, PLAINTIFF and the Waiting Time Class are entitled to the following remedies: (1) waiting-time penalties under California Labor Code section 203 for untimely payment of final wages in violation of California Labor Code sections 201, 201.3, and/or 202; (2) restitution under California Business and Professions Code section 17203 for the unlawful and unfair business practices;; and 9) an award of reasonable attorneys' fees and costs under California Labor Code sections 218.5 and/or other applicable law.

## JURISDICTION AND VENUE

19.    The Court has jurisdiction over this matter because PLAINTIFF alleges state law claims pursuant to the California Labor Code and California Business and Professions Code.

20.    At all times mentioned herein, DEFENDANT Aaron's was qualified to do business in the State of California.

21.    Venue is proper in this district because DEFENDANT Aaron's maintained, and currently maintains, stores and employs a substantial number of employees in Los Angeles County.

5

**PARTIES**

**The Representative Plaintiff**

22.    PLAINTIFF and proposed class representative, ARMINDA SEVILLA was employed by DEFENDANTS from approximately December 2015 to February 15, 2017 as an hourly paid sales manager.  PLAINTIFF initially reported to work at DEFENDANTS' store located at 30900 Date Palm Drive, Cathedral City, California 92234 and then reported to work at DEFENDANTS' store located at 57580 29 Palms Highway, Suite B, Yucca Valley, California 92284.  PLAINTIFF's final hourly rate of pay was $11.17 and she also received commissions based upon the lease or sale of goods, as well as monthly bonuses based upon reaching pre-determined sales goals.  PLAINTIFF's job responsibilities included, but were not limited to, conducting and overseeing daily operations in the DEFENDANTS' retail stores and selling and leasing goods to customers.  PLAINTIFF was hired by DEFENDANTS pursuant to written and implied contracts of employment, impliedly or explicitly, promising to pay in conformance with California wage and hour requirements.  The texts of any written terms of contract are contained within DEFENDANTS' records.

23.    Throughout PLAINTIFF's employment with DEFENDANTS, PLAINTIFF regularly worked more than eight (8) hours per workday and forty (40) hours per workweek, but was not paid the overtime premiums that she was entitled to because DEFENDANTS did not include PLAINTIFF's commissions and bonuses when determining PLAINTIFF's regular rate of pay.

24.    PLAINTIFF regularly worked in excess of five (5) hours per day and was not provided with a one-half (1/2) hour meal break during which she was relieved of all duties, and was also not provided an uninterrupted, off-duty ten (10) minute rest break for every four (4) hours of work or major fraction thereof.  DEFENDANTS maintained a system-wide policy or practice of failing to pay premium wages for these missed or shortened meal and/or rest breaks.

25.    DEFENDANTS required PLAINTIFF to wear a specific uniform to work each day but DEFENDANTS did not reimburse PLAINTIFF for the expense of her uniform.

///

CLASS ACTION COMPLAINT FOR DAMAGES

26.     DEFENDANTS failed to pay PLAINTIFF all wages owed at termination as a result of their failure to properly pay overtime/double-time wages, failure to provide meal and rest breaks, and failure to reimburse business expenses.  DEFENDANTS also failed to pay PLAINTIFF all wages owed at termination as a result of DEFENDANTS' failure to pay PLAINTIFF her wages due and owing until approximately fifteen days after her employment was terminated.

27.     The members of the Hourly Class PLAINTIFF seeks to represent are hourly-paid current or former employees of DEFENDANT in California who, on information and belief: 1) did not receive accurate itemized wage statements; 2) did not receive overtime premiums, and/or received improperly calculated double-time premiums, for all hours worked in excess of eight (8) in one workday, twelve (12) in one workday, or forty (40) in one workweek; 3) were not provided with meal breaks or premium pay in lieu thereof; 4) were not authorized or permitted to take rest breaks and did not receive premium pay in lieu thereof; 5) were not reimbursed for necessarily incurred business expenses; and 6) were not paid all wages due at the termination of their employment.  The members of the other Waiting Time Class PLAINTIFF seeks to represent are former employees of DEFENDANTS in California who, on information and belief: (1) were not timely paid all wages due upon the termination of their employment.

28.     DEFENDANTS employ numerous employees in the State of California.  Any differences in job activities between the different employees were and are legally insignificant to the issues presented by this action.

29.     On information and belief, PLAINTIFF and each member of the classes she seeks to represent were regularly subjected to, or had personal knowledge of, the violations described in this Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.  Each member of the purported classes are, or did, work at DEFENDANTS' worksites and are therefore witnesses to the allegations of this Complaint.

///

7

## DEFENDANTS

30.    DEFENDANT Aaron's owns and operates a large number stores in California that sell and lease goods.  On information and belief, DEFENDANT Aaron's owns, controls, and/or operates retail stores in California where employees perform various job duties in order to service its customers.

31.    PLAINTIFF is ignorant of the true names or capacities of the DEFENDANTS sued herein under the fictitious named DOES 1 through 30, inclusive.

32.    PLAINTIFF is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, partners, joint venturer, successor in interest and/or predecessor in interest of some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below.  PLAINTIFF is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled and abetted the conduct of all other defendants.

33.    Upon information and belief, DEFENDANTS exercised, and continue to exercise, control over the wages, hours, and/or working conditions at their worksites in California by, including but not limited to: controlling the day-to-day operations and significant business functions at their worksites; hiring, firing, and modifying the employment conditions of the employees at their worksites; controlling matters concerning compensation and promotion of employees; and, directing, supervising and arranging employee's work activities, work schedules and employment conditions.

34.    PLAINTIFF is informed and believes and thereon alleges that at all relevant times, each defendant, directly or indirectly, or through agents or other persons, employed PLAINTIFF and other members of the classes, and exercised control over their labor contracts, policies and procedures regarding wages, hours, and working conditions, and caused or permitted the violations of all of the aggrieved employees at issue in this Complaint. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS were joint-employers of PLAINTIFF and other members of the classes and are therefore independently and jointly and severally liable for violations as alleged herein.  At all times relevant to this

CLASS ACTION COMPLAINT FOR DAMAGES

1    action, PLAINTIFF and the other members of the classes have, directly or indirectly,

2    performed services for each of the DEFENDANTS, and to the mutual benefit of all

3    DEFENDANTS.

4        35.    DEFENDANTS were and are "employers" of PLAINTIFF and the classes, as

5    defined in the IWC Wage Orders, and caused or permitted the violations at issue in this

6    Complaint.

7        36.    DEFENDANTS' violations as described in this Complaint were knowing,

8    intentional, deliberate, and willful.

9                    **FACTUAL BACKGROUND**

10       37.    This is a class action pursuant to California Code of Civil Procedure section 382

11   to vindicate rights afforded to the class by the California Labor Code, the applicable IWC

12   Wage Orders, California Business and Professions Code section 17200 et seq., California Code

13   of Civil Procedure, and California decisional law.  This action is brought on behalf of

14   PLAINTIFF and the Hourly Class comprising of all current and former hourly-paid employees

15   employed by DEFENDANTS in the State of California during the applicable liability period

16   and PLAINTIFF and the Waiting Time Class comprised of all former employees of

17   DEFENDANTS that did not timely receive their wages due and owing upon termination.

18       38.    At all times during the applicable liability period, DEFENDANTS owned and

19   operated retail stores in California.

20       39.    At all times relevant to this action, DEFENDANTS controlled PLAINTIFF'S

21   wages, hours, and working conditions.  DEFENDANTS hired PLAINTIFF.  DEFENDANTS

22   directed and supervised PLAINTIFF's work at its retail stores.  DEFENDANTS negotiated and

23   set PLAINTIFF's rates of pay for the work she performed and the method of compensation.

24   DEFENDANTS provided PLAINTIFF with a place to work and determined her hours and

25   conditions of employment.  DEFENDANTS exclusively controlled the day-to-day operations at

26   their retail stores.  DEFENDANTS had the power to either cause PLAINTIFF to work or

27   prevent her from working on their behalf.  DEFENDANTS had exclusive control over

28   PLAINTIFF's work activities, and the tasks PLAINTIFF performed were for the benefit of

     DEFENDANTS and an integral part of DEFENDANTS' regular business operations.

                                    9

40.     During the applicable liability period, PLAINTIFF and members of the Hourly Paid Class were employed to perform job duties on the behalf of DEFENDANTS and received compensation on an hourly basis.   During the applicable liability period, PLAINTIFF and members of the Waiting Time Class were employed to perform job duties on the behalf of DEFENDANTS and received compensation for their labor.   The primary obligations and responsibilities of PLAINTIFF and the classes included performing job duties for the purpose of serving DEFENDANTS and DEFENDANTS' customers.   PLAINTIFF and members of the Hourly Paid Class are not exempt from any of the provisions of the IWC Wage Orders because they were not compensated on a salary basis and more than half their compensation did not represent commissions.

41.     PLAINTIFF is informed and believes, and based thereon alleges, DEFENDANTS currently employ thousands of individuals, including hundreds or thousands of hourly-paid employees, in the State of California.

42.     For at least four years prior to the filing of this action and through to the present, DEFENDANTS wrongfully withheld compensation for overtime hours worked and denied or cut short earned rest and meal breaks without proper compensation.   DEFENDANTS systematically maintained and uniformly enforced against its non-exempt hourly-paid employees unlawful employment practices and policies in violation of California wage and hour laws, including:

(a)     failing to properly pay class members, including PLAINTIFF, for overtime time worked pursuant to the California Labor Code and IWC Wage Orders;

(b)     failing to reimburse class members, including PLAINTIFF for necessary business-related expenses and costs;

(c)     failing to provide class members, including PLAINTIFF paid rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each rest period that is not provided, as required by California law;

(d)     failing to provide class members, including PLAINTIFF, meal periods of at least thirty (30) minutes before the end of five (5) hours of work and failing to pay such

10

CLASS ACTION COMPLAINT FOR DAMAGES

employees one (1) hour of pay at the employees' regular rate of compensation for each meal period that is not provided, as required by California law;

(e)    failing to pay class members, including PLAINTIFF, all wages due upon the end of their employment;

(f)    failing to provide class members, including PLAINTIFF, with accurate itemized wage statements, as required by California law;

(g)    failing to maintain accurate payroll and time records of class members, including PLAINTIFF, as required by California law; and

(h)    failing to pay class members, including PLAINTIFF, statutory penalties pursuant to California Labor Code.

43.    On information and belief, DEFENDANTS were well aware that PLAINTIFF and the Hourly Paid Class were not provided with the foregoing. DEFENDANTS' denial of wages and other compensation due to PLAINTIFF and members of the Hourly Paid Class was willful and deliberate.

44.    This action seeks recovery of wages and compensation due and owing to PLAINTIFF and the Hourly Paid Class under California law for the maximum period allowed.

45.    For at least four years prior to the filing of this action and through to the present, DEFENDANTS wrongfully withheld compensation due and owing by failing to timely pay wages upon employees' termination. DEFENDANTS' denial of wages and other compensation due to PLAINTIFF and members of the Waiting Time Class was willful and deliberate.

46.    This action seeks recovery of wages and compensation due and owing to PLAINTIFF and the Waiting Time Class under California law for the maximum period allowed.

47.    Unless this case proceeds as a class action, DEFENDANTS will likely continue their illegal labor law violations with impunity. PLAINTIFF and the classes are therefore entitled to class-wide remedy, including injunctive relief, monetary damages, and all statutory penalties, plus interest, attorneys' fees and all other costs associated with DEFENDANTS' misconduct.

11

## CLASS ACTION ALLEGATIONS

48.  This action is maintainable as a class action pursuant to California Code of Civil Procedure section 382 as to claims for overtime wages, failure to reimburse necessary business expenses, meal and rest break violations, failure to timely pay wages upon termination, failure to provide accurate itemized wage statement violations and to maintain payroll information, and attorneys' fees and costs under the California Labor Code and the California Business and Professions Code.  PLAINTIFF brings this action on behalf of herself and all others similarly situated because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable.

49.  PLAINTIFF seeks to represent the following classes:

(a)  All current and former employees employed by DEFENDANTS in the State of California who were compensated by the hour within four (4) years of the date of commencement of this action through the date of final disposition of this action (the "Hourly Class");

(b)  All former employees of DEFENDANTS in California that did not receive the timely payment of wages due and owing upon the termination of their employment within four (4) years of the date final disposition of this action (the "Waiting Time Class")

(The Hourly Class and Waiting Time Class are collectively hereinafter referred to as "the Classes.")

50.  PLAINTIFF also seek to represent the following sub-Hourly Classes:

(a)  All Hourly Class members who were paid overtime premiums that were improperly calculated due to DEFENDANTS' failure to include all required compensation when calculating the regular rate of pay ("Overtime Subclass");

(b)  All Hourly Class members who have worked five (5) and/or ten (10) hours in a workday without being provided with

12

an uninterrupted thirty (30) minute meal period and denied compensation for meal break violations under California Labor Code sections 226.7, 512 and various IWC Wage Orders ("Meal Break Subclass");

(c)      All Hourly Class members who worked three and a half (3 ½) hours or more without being authorized or permitted to take a paid duty-free uninterrupted ten (10) minute rest break for every four hours of work or major fraction thereof and denied compensation for rest break violations under California Labor Code sections 226.7 and various IWC Wage Orders ("Rest Break Subclass");

(d)      All Hourly Class members who incurred necessary business-related expenses and costs that were not reimbursed ("Business Expense Reimbursement Subclass");

(e)      All Hourly Class members who were not provided with accurate itemized wage statements ("Itemized Wage Statement Subclass"); and

(f)      All Hourly Class members who were not provided with final wages at the time of separation of employment ("Waiting Time Penalties Subclass").

Excluded from the Classes are all defendants, their officers, subsidiaries, affiliates, and any entity which Defendants have a controlling interest.

51.      PLAINTIFF reserves the right under California Rules of Court, rule 1855, subdivision (b), to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

## Numerosity of Class

52.      The employees in the Classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, PLAINTIFF believes hundreds and/or thousands of employees would fall within the putative

13

1  Classes. The exact number is easily ascertained from DEFENDANTS' own employment

2  records, which are presently within the control of DEFENDANTS. Furthermore, upon

3  application by PLAINTIFF'S counsel for certification of the Classes, the Court may be

4  requested to also incorporate Subclasses in the interest of justice and judicial economy.

5  **Existence and Predominance of Common Questions of Fact and Law**

6     53.    Common questions of law and fact exist as to the class members that

7  predominate over any questions only affecting them individually and include, but are not

8  limited to, the following:

9     (a)    Whether DEFENDANTS were required to include commission and bonus

10          compensation when determining the regular rate of pay when calculating overtime

11          compensation due to Plaintiff and other Hourly Class members;

12     (b)    Whether DEFENDANTS were required to reimburse PLAINTIFF and other

13          Hourly Class members for necessary business-related expenses and costs;

14     (c)    Whether DEFENDANTS were required to authorize and permit PLAINTIFF

15          and other Hourly Class members to take an uninterrupted ten minute off-duty rest

16          period for every four hours or major fraction thereof worked or compensate said

17          employees one hour at their regular rate of pay in lieu of rest periods;

18     (d)    Whether DEFENDANTS had a policy and/or practice of not paying premium

19          wages for missed, shortened, interrupted, or delayed rest breaks attributable to the

20          employer's instructions or undue pressure;

21     (e)    Whether DEFENDANTS were required to provide an uninterrupted thirty

22          minute off-duty meal period to PLAINTIFF and other Hourly Class members no later

23          than the end of the fifth hour of work and the end of their tenth hour of work or

24          compensate said employees one hour at their regular rate of pay in lieu of meal periods;

25     (f)    Whether DEFENDANTS had a policy and/or practice of not paying premium

26          wages for missed, shortened, interrupted, or delayed meal breaks attributable to the

27          employer's instructions or undue pressure, and unaccompanied by a suitable employee

28          waiver or agreement;

(g)     Whether DEFENDANTS were required to pay all wages owed to PLAINTIFF and members of the Hourly Class and Waiting Time Class at the time of termination or within 72 hours of giving notice of intent to quit;

(h)     Whether DEFENDANTS were required to provide PLAINTIFF and other Hourly Class members with accurate itemized wage statements;

(i)     Whether DEFENDANTS violated the California Labor Code and IWC Wage Orders by the actions alleged herein;

(j)     Whether DEFENDANTS violated sections 17200 et seq. of the California Business and Professions Code by the actions alleged herein; and

(k)     Whether PLAINTIFF and other Hourly Class Members and Waiting Time Class Members are entitled to damages, restitution, wages, statutory penalties, premium wages, and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and IWC Wage Orders, California Business and Professions Code sections 17200 et seq.

(l)     The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

54.     There are no individualized factual or legal issues for the Court to resolve that would prevent this case from proceeding as a class action.

**Typicality**

55.     The claims of PLAINTIFF are typical of the claims of the Classes she seeks to represent. PLAINTIFF and all members of the Classes sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of California laws. PLAINTIFF and all Hourly Class members work, or have worked, for DEFENDANTS as non-exempt hourly-paid employees in DEFENDANTS' retail stores. PLAINTIFF and all Waiting Time Class members formerly worked for DEFENDANTS in California. PLAINTIFF and all Hourly Class members and Waiting Time Class members have the same rights to be paid for all hours worked based upon California wage and hour laws. PLAINTIFF and all Hourly Class members have not been properly compensated for all their work performed for

15

1  the benefit of DEFENDANTS. PLAINTIFF and all Hourly Class members have not received

2  all of the wages they are entitled to for all of their work performed for the benefit of

3  DEFENDANTS. PLAINTIFF and all Hourly Class members have not been reimbursed by

4  DEFENDANTS for necessary business-related expenses and costs. PLAINTIFF and some

5  members of the Hourly Class and all members of the Waiting Time Class did not timely receive

6  their wages upon the termination of their employment. PLAINTIFF and all members of the

7  Hourly Class and the Waiting Time Class have suffered damages, including lost overtime

8  wages, unlawfully withheld business expense reimbursements, unpaid premiums for meal and

9  rest breaks resulting from DEFENDANTS' wrongful conduct, and untimely payment of wages

10 upon termination. In addition, PLAINTIFF and the Hourly Class member and the Waiting

11 Time Class members are entitled to equitable relief, as permitted by law, because

12 DEFENDANTS' violations of state statutes have harmed the Classes members and constitute

13 an unfair business practice, especially when compared to those competitors who comply with

14 California wage and hour laws.

15     **Adequacy**

16     56.    PLAINTIFF will fairly and adequately represent and protect the interests of the

17 members of the Classes. PLAINTIFF has no interest adverse to the interests of absent of the

18 members of the Classes. PLAINTIFF has retained counsel competent and experienced in

19 complex class actions and labor and employment litigation.

20     **Superiority**

21     57.    A class action is superior to other available methods for the fair and efficient

22 adjudication of this litigation. The members of the Classes have been damaged and are entitled

23 to recovery as a result of DEFENDANTS' common and uniform policies, practices and

24 procedures. Although the relative damages suffered by individual members of the Classes are

25 not *de minimis*, such damages are small compared to the expense and burden of individual

26 prosecution of this litigation. Individual plaintiffs may lack the financial resources to

27 vigorously prosecute a lawsuit against corporate defendants to recover such damages. Even if

28 the individual members of the Classes could afford to prosecute their claims separately, such

1  individual prosecutions would constitute a waste of the judicial resources.  In addition, class

2  litigation is superior because it will obviate the need for unduly duplicative litigation that might

3  result in inconsistent judgments about DEFENDANTS' practices.

**CAUSES OF ACTION**

5  58.    All causes of action described herein are brought on behalf of PLAINTIFF, both

6  individually and on behalf of the Hourly Class and/or the Waiting Time Class, against

7  DEFENDANTS.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS**

**AARON'S and DOES 1 through 30, inclusive.)**

12  59.    PLAINTIFF re-alleges and incorporates by reference each and every allegation

13  set forth in all the foregoing paragraphs as if fully set forth herein.

14  60.    California Labor Code section 510, subdivision (a), provides, in pertinent part:

15        Eight hours of labor constitutes a day's work.  Any work in

16        excess of eight hours in one workday and any work in excess of

17        40 hours in any one workweek and the first eight hours worked

18        on the seventh day of work in any one workweek shall be

19        compensated at the rate of no less than one and one-half times the

20        regular rate of pay for an employee. Any work in excess of 12

21        hours in one day shall be compensated at the rate of no less than

22        twice the regular rate of pay for an employee.

23  61.    Pursuant to subdivision 2(H) of the applicable IWC Wage Order, "hours

24  worked" include the time during which an employee is subject to the control of an employer,

25  and includes all the time the employee is suffered or permitted to work, whether or not required

26  to do so.

27  ///

28  ///

17

62.    Subdivision 3(A)(1)(a)-(b) of the applicable IWC Wage Order requires that overtime hours be compensated as follows:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and,

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

63.    By DEFENDANTS' conduct described in this Class Action Complaint, DEFENDANTS violated the provisions of California Labor Code sections 510, 1194, 1198 and the IWC Wage Orders, by employing PLAINTIFF and the Hourly Class in excess of the limits provided by the law without time and one half or double time pay of regular rates. At all times relevant herein, DEFENDANTS maintained and enforced policies and practices of refusing to pay PLAINTIFF and Hourly Class members for all hours worked as follows:

(a) DEFENDANTS failed to include all compensation earned, including, but not limited to, commissions and bonuses, when determining the regular rate of pay for calculating the overtime rate of pay.

64.    WHEREFORE, PLAINTIFF and the Hourly Class members are entitled to recover the unpaid overtime wages in an amount to be determined at trial, liquidated damages in an amount equal to the overtime wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code sections 218.5, 1194, subdivision (a), 1194.2, and 2699, subdivision (g)(1).

65.    DEFENDANTS are further liable for civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 1194, subdivision (a).

///

CLASS ACTION COMPLAINT FOR DAMAGES

SECOND CAUSE OF ACTION

FAILURE TO REIMBURSE BUSINESS EXPENSES

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS**

**AARON'S and DOES 1 through 30, inclusive.)**

66.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

67.     Pursuant to California Labor Code sections 2800 and 2802, DEFENDANTS are required to reimburse PLAINTIFF and Hourly Class for expenses incurred by them in the performance of their job duties, including expenses incurred in the purchase of employer-required uniforms of distinctive color and design.

68.     PLAINTIFF and the Hourly Class, and have not, received any reimbursement for the costs incurred in purchasing the uniforms required by DEFENDANTS.

69.     As a proximate result of DEFENDANTS' conduct, PLAINTIFF and the Hourly Class have suffered monetary loss and been deprived of their property in the form of unreimbursed expenses.  PLAINTIFF and the Class have not received reimbursement or additional wages for the maintenance of their uniforms.

70.     PLAINTIFF and the Class pray for the full amount of the expenses they incurred in the course of their job duties, attorney's fees, costs, penalties, and interest pursuant to California Labor Code sections 2802.

THIRD CAUSE OF ACTION

FAILURE TO PROVIDE REST BREAKS

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS**

**AARON'S and DOES 1 through 30, inclusive.)**

71.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

///

///

///

19

CLASS ACTION COMPLAINT FOR DAMAGES

72. At all times relevant herein, California Labor Code section 226.7 provided as follows:

(a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

73. Subdivision 12 of the applicable IWC Wage Order provides as follows:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be abed on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof.

"(B) If an employer fails to provide an employee a rest period in accordance with the applicable provision of this Order, the employer shall pay the employee (1) one hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

74. PLAINTIFF, as well as other members of the Hourly Class, were not provided time to take rest breaks during their work shifts of three and one-half hours or more. PLAINTIFF and the Hourly Class were required to continue with their duties and work through their entire shift without any rest breaks.

75. DEFENDANTS did not permit or authorize PLAINTIFF and, on information and belief, the Hourly Class members to take rest periods in accordance with the law.

20

CLASS ACTION COMPLAINT FOR DAMAGES

76. PLAINTIFF and, on information and belief, the Hourly Class members they seek to represent, did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from PLAINTIFF and/or Hourly Class members were not willfully obtained, were not voluntarily agreed to, and was a condition of employment, or was part of an unlawful contract of adhesion.

77. As a result of DEFENDANTS' failure to comply with rest period regulations set forth in the IWC Wage Orders and California Labor Code, each Hourly Paid Class member is entitled to be compensated for one hour of additional pay at the regular rate of compensation for each rest period that was not provided pursuant to California Labor Code section 226.7 and the IWC Wage Orders. PLAINTIFF and the Hourly Class members are further entitled to restitution in the amount of ten minutes of pay time for each rest period that DEFENDANTS did not authorize or permit.

## FOURTH CASE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

78. PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

79. At all times relevant herein, California Labor Code section 512 provided that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes..."

80. Further, California Labor Code section 226.7 provides:

(a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the

21

employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

81.     Subdivision 11 of the applicable IWC's Wage Orders provides as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

"(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided..."

82.     PLAINTIFF, as well as other Hourly Class members, were not provided time to take an off-duty thirty (30) minute meal break during their work shifts. All standard work shifts for Hourly Class members were greater than five (5) hours and Hourly Class members were regularly not provided with an off-duty meal period because they were required to work during and/or through their meal breaks.

83.     At all relevant times, DEFENDANTS failed to make, keep, and preserve accurate records required by California law with respect to PLAINTIFF and the other Hourly Class members, including the accurate start and end times for each meal period taken.

84.     As a result of DEFENDANTS' failure to comply with the meal period regulations set forth in the IWC Wage Orders and California Labor Code, each Hourly Class member is entitled to one hour of additional pay at the regular rate of compensation for each uninterrupted off-duty meal period that was not provided pursuant to California Labor Code sections 226.7, 512 and the IWC Wage Orders. PLAINTIFF and the Hourly Class members are further entitled to restitution in the amount of thirty minutes of pay time for each meal period that DEFENDANTS did not provide.

///

**FIFTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN PAYROLL RECORDS AND PROVIDE ITEMIZED WAGE STATEMENTS**

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

85.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

86.     California Labor Code section 226, subdivision (a) states:

>           Every employer shall, semimonthly, or at the time of each
>           payment of wages, furnish each of his or her employees, either as
>           a detachable part of the check, draft, or voucher paying the
>           employee's wages, or separately when wages are paid by personal
>           check or cash, an accurate itemized statement in writing showing
>           i) gross wages earned, ii) total hours worked by the employee,
>           except for any employee whose compensation is solely based on
>           a salary and who is exempt from payment of overtime under
>           subdivision (a) of Section 515 or any applicable order of the
>           Industrial Welfare Commission, iii) the number of piece-rate
>           units earned and any applicable piece rate if the employee is paid
>           on a piece-rate basis, iv) all deductions, provided that all
>           deductions made on written orders of the employee may be
>           aggregated and shown as one item, v) net wages earned, vi) the
>           inclusive dates of the period for which the employee is paid, vii)
>           the name of the employee and his or her social security number,
>           except that by January 1, 2008, only the last four digits of his or
>           her social security number or an employee identification number
>           other than a social security number may be shown on the
>           itemized statement, viii) the name and address of the legal entity

23

CLASS ACTION COMPLAINT FOR DAMA

that is the employer, and ix) all applicable hourly rates in effect
during the pay period and the corresponding number of hours
worked at each hourly rate by the employee. The deductions
made from payments of wages shall be recorded in ink or other
indelible form, properly dated, showing the month, day, and year,
and a copy of the statement or a record of the deductions shall be
kept on file by the employer for at least three years at the place of
employment or at a central location within the State of California.

87.     In addition, section 1174 of the California Labor Code, and subdivision 7 of the
IWC Wage Orders, requires DEFENDANTS to maintain and preserve, in a centralized
location, among other items, records showing the names and addresses of all employees
employed, payroll records showing the hours worked daily by and the wages paid to its
employees, and time records accurately recording meal periods. DEFENDANTS have created
a uniform practice of knowingly and intentionally failing to comply with California Labor
Code section 1174. The failure of DEFENDANTS, and each of them, to comply with
California Labor Code section 1174 is unlawful pursuant to California Labor Code section
1175. When an employer fails to keep such records, employees may establish the hours
worked solely by their testimony and the burden of overcoming such testimony shifts to the
employer. *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

88.     DEFENDANTS knowingly and intentionally failed to furnish the Hourly Paid
Class members with itemized statements that accurately reflected applicable hourly rates in
effect, all hours worked, gross wages, and net wages.

89.     By failing to keep adequate records and furnish accurate itemized statements as
required by California Labor Code sections 226 and 1174, subdivision (d), and the IWC Wage
Orders, DEFENDANTS have injured PLAINTIFF and the Class. This failure has injured
PLAINTIFF and the Hourly Class by depriving them of wage and hour earnings information
they are entitled to, making it difficult to calculate the unpaid wages due, causing them not to
be paid wages they are entitled to and eviscerating their rights under California Labor Code

24

CLASS ACTION COMPLAINT FOR DAMAGES

1  section 226, subdivision (b) to review itemized wage statement information by inspecting the

2  employer's underlying records.

3      90.    As a result, DEFENDANTS are liable to PLAINTIFF and the Hourly Class for

4  actual damages pursuant to California Labor Code section 226, subdivisions (e) and (g).

5  DEFENDANTS are also liable for civil penalties and reasonable attorney's fees and costs of

6  suit pursuant to California Labor Code sections 226.3, and 1174.5, in the amount to be proven

7  at trial.

8                          **SIXTH CAUSE OF ACTION**

9                       **FAILURE TO TIMELY PAY WAGES**

10  **(PLAINTIFF, individually and on behalf of the Hourly Class and the Waiting Time Class,**

11          **against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

12      91.    PLAINTIFF re-alleges and incorporates by reference each and every allegation

13  set forth in all the foregoing paragraphs as if fully set forth herein.

14      92.    California Labor Code section 201, subdivision (a) provides, in pertinent part:

15              If an employer discharges an employee, the wages earned and

16              unpaid at the time of discharge are due and payable immediately.

17      93.    California Labor Code section 202, subdivision (a), provides, in pertinent part:

18              If an employee not having a written contract for a definite period

19              quits his or her employment, his or her wages shall become due

20              and payable not later than 72 hours thereafter, unless the

21              employee has given 72 hours previous notice of his or her

22              intention to quit, in which case the employee is entitled to his or

23              her wages at the time of quitting. Notwithstanding any other

24              provision of law, an employee who quits without providing a 72-

25              hour notice shall be entitled to receive payment by mail if he or

26              she so requests and designates a mailing address. The date of the

27              mailing shall constitute the date of payment for purposes of the

28

1    requirement to provide payment within 72 hours of the notice of

2    quitting.

3        94.   DEFENDANTS willfully failed to timely pay PLAINTIFF and the Hourly Class

4    all of their wages due for work performed because DEFENDANTS failed to pay them their

5    overtime wages, additional wages for meal and rest periods that were not provided, meal and

6    rest break premiums, and reimbursement of business expenses and this failure continued

7    through the time in which PLAINTIFF and many members of the Hourly Class quit or were

8    discharged from their employment with DEFENDANTS. As a result, DEFENDANTS violated

9    California Labor Code section 201, 201.3, and/or 202.

10       95.   DEFENDANTS willfully failed to timely pay PLAINTIFF and the Waiting

11   Time Class all of their wages due for work performed because DEFENDANTS did not timely

12   pay all wages due upon the termination of PLAINTIFF and Waiting Time Class members'

13   employment. As a result, DEFENDANTS violated California Labor Code section 201, 201.3,

14   and/or 202.

15       96.   California Labor Code section 203 states:

16           If an employer willfully fails to pay, without abatement or

17           reduction, in accordance with Sections 201, 201.5, 202, and

18           205.5, any wages of an employee who is discharged or who quits,

19           the wages of the employee shall continue as a penalty from the

20           due date thereof at the same rate until paid or until an action

21           therefore is commenced; but the wages shall not continue for

22           more than 30 days... Suit may be filed for these penalties at any

23           time before the expiration of the statute of limitations on any

24           action for the wages from which the penalties arose.

25       97.   As noted above, DEFENDANTS violated California Labor Code sections 201,

26   201.3 and/or 202 by failing to pay PLAINTIFF and Hourly Class members and Waiting Time

27   Class members who quit, were involuntarily terminated, released after a specific job

28   assignment or time duration, or were otherwise discharged, all of the wages due pursuant to the

                                          26

1  timelines provided in those sections. DEFENDANTS willfully failed to pay all wages due as
2  the failure to pay was not inadvertent or accidental.

3       98.    PLAINTIFF and the Hourly Class she seeks to represent are entitled to
4  compensation for all forms of wages earned, including, but not limited to, compensation for
5  overtime hours worked; additional wages for meal and rest periods that were not provided;
6  premium pay for the failure to provide meal and rest breaks; reimbursement of business
7  expenses; and other claims described in this Class Action Complaint. But, to date, PLAINTIFF
8  and the Hourly Class have not received such compensation, therefore entitling them to penalties
9  under California Labor Code section 203.

10       99.    PLAINTIFF and the Waiting Time Class she seeks to represent are entitled to
11  compensation for all forms of wages earned during their employment. But, to date,
12  PLAINTIFF and the Waiting Time Class have not received such compensation, therefore
13  entitling them to penalties under California Labor Code section 203.

14      100.   More than thirty (30) days have passed since PLAINTIFF and many affected
15  members of the Hourly Class and have left DEFENDANTS' employ, and on information and
16  belief, have not received payment pursuant to California Labor Code sections 201, 201.3, 202
17  and/or 203. As a consequence of DEFENDANTS' willful conduct in not paying all earned
18  wages, PLAINTIFF and many Hourly Class Members are entitled to 30 days wages as a
19  premium wage or penalty under California Labor Code section 203.

20      101.   More than thirty (30) days have passed since PLAINTIFF and members of the
21  Waiting Time Class and have left DEFENDANTS' employ, and on information and belief,
22  have not received payment pursuant to California Labor Code sections 201, 201.3, 202 and/or
23  203. As a consequence of DEFENDANTS' willful conduct in not paying all earned wages,
24  PLAINTIFF and Waiting Time Class Members are entitled to 30 days wages as a premium
25  wage or penalty under California Labor Code section 203.

26      102.   WHEREFORE, PLAINTIFF and the Classes she seeks to represent are entitled
27  to California Labor Code sections 203 and 210 penalties in amounts to be determined at trial.

28

CLASS ACTION COMPLAINT FOR DAMAGES

1     103.   DEFENDANTS are further liable for civil penalties and reasonable attorneys'

2    fees and costs of suit pursuant to California Labor Code section 218.5.

3                **SEVENTH CAUSE OF ACTION**

4        **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

5    **(PLAINTIFF, individually and on behalf of the Hourly Class and the Waiting Time Class,**

6         **against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

7     104.   PLAINTIFF re-alleges and incorporates by reference each and every allegation

8    set forth in all the foregoing paragraphs as if fully set forth herein.

9     105.   DEFENDANTS engaged in unlawful activity prohibited by California Business

10   and Professions Code section 17200 et seq.  The actions of DEFENDANTS as alleged within

11   this Complaint constitute unlawful and unfair business practices with the meaning of California

12   Business and Professions Code section 17200 et seq.

13     106.   As described above, DEFENDANTS have conducted the following unlawful

14   activities:

15     (a)    violation of California Labor Code sections 510 and 1194 and the IWC Wage

16       Orders by failing to pay all overtime wages owed due to failing to properly calculate the

17       regular rate when paying overtime wages to PLAINTIFF and the Hourly Class;

18     (b)    violation of California Labor Code section 2802 by failing to reimburse

19       PLAINTIFF and the Hourly Class for necessarily incurred business expenses;

20     (c)    violation of California Labor Code section 226.7 by requiring PLAINTIFF and

21       the Hourly Class to work during meal and rest periods mandated by the IWC Wage

22       Orders and failing to provide PLAINTIFF and the Class with restitution in the amount

23       of thirty minutes of pay for each meal period DEFENDANTS did not provide, and

24       restitution in the amount of ten minutes of pay time for each rest period that

25       DEFENDANTS did not authorize or permit;

26     (d)    violation of California Labor Code section 226.7 by requiring PLAINTIFF and

27       the Hourly Class to work during meal and rest periods mandated by the IWC Wage

28       Orders and failing to provide PLAINTIFF and the Class one (1) hour additional wages

109.   As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFF and the Classes she seeks to represent. DEFENDANTS should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFF and the members of the Classes the wrongfully withheld wages pursuant to Business and Professions Code section 17203. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS are unjustly enriched through their failure to pay legal wages, and/or other remedies. PLAINTIFF is informed and believes, and thereon alleges, that PLAINTIFF and members of the Classes are prejudiced by DEFENDANTS' unfair trade practices.

110.   As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFF, individually and on behalf of all employees similarly situated, is entitled to full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFF and members of the Classes as a result of the business acts and practices described herein.

111.   PLAINTIFF is entitled to an award of attorneys' fees and costs as set forth herein and below. PLAINTIFF and the Classes she seeks to represent request relief as described herein and below.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, on behalf of herself and the Classes she seeks to represent in this Complaint, requests the following relief:

1.   That the Court determines this action be maintained as a Class Action under California Code of Civil Procedure section 382 with the named PLAINTIFF appointed as the class representative;

2.   For the attorneys appearing on the above-caption to be named class counsel;

3.   For a declaratory judgment that DEFENDANTS have violated the overtime provisions of California Labor Code section 510, 1194 and California Industrial Welfare Commission Wage Orders as to the PLAINTIFF and the Hourly Class;

CLASS ACTION COMPLAINT FOR DAMAGES

4.     For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 226.7, 512, and Industrial Welfare Commission Wage Orders by failing to provide, authorize and permit PLAINTIFF and the Hourly Class to take full and uninterrupted off-duty meal and rest periods, and by maintaining a system-wide policy or practice of failing to pay meal break premium wages when required;

5.     For a declaratory judgment that DEFENDANTS have violated California Labor Code section 2802 by failing to reimburse PLAINTIFF and the Hourly Class for necessarily incurred business expenses;

6.     For a declaratory judgment that DEFENDANTS have violated the recordkeeping provisions of California Labor Code section 226 and subdivision 7 of the Industrial Welfare Commission Wage Orders as to PLAINTIFF and the Hourly Class;

7.     For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 201, 201.3, 202 and 203 for their willful failure to pay all compensation owed at the time of separation of employment of PLAINTIFF and the Hourly Class and PLAINTIFF and the Waiting Time Class;

8.     For a declaratory judgment that DEFENDANTS have violated California Labor Code section 226 by failing to timely furnish PLAINTIFF and the Hourly Class with itemized statements accurately showing the applicable hourly rates in effect, number of hours worked at each hourly rate, gross wages, and net wages;

9.     For a declaratory judgment that DEFENDANTS' violations have been willful and that the Court award to PLAINTIFF and the Hourly Class and PLAINTIFF and the Waiting Time Class damages for the amount of unpaid compensation, unlawful deductions from wages, and damages for failure to furnish accurate itemized wage statements and penalties subject to proof at trial;

10.     For a declaratory judgment that DEFENDANTS have violated California Business and Professions Code section 17200 by failing to pay PLAINTIFF and the Hourly Class members overtime compensation including interest thereon, failing to pay all compensation due at the time of separation of employment, by failing to keep proper payroll

31

CLASS ACTION COMPLAINT FOR DAMAGES

1   records, by failing to afford full and uninterrupted meal and rest periods, by maintaining a

2   system-wide policy or practice of failing to pay meal break premium wages when required, and

3   by failing to furnish PLAINTIFF and the Class with accurate itemized wage statements;

4        11.    For a declaratory judgment that DEFENDANTS have violated California

5   Business and Professions Code section 17200 by failing to pay PLAINTIFF and the Waiting

6   Time Class all compensation due at the time of separation;

7        12.    That DEFENDANTS be ordered to pay restitution to PLAINTIFF and the

8   Hourly Class and PLAINTIFF and the Waiting Time Class due to DEFENDANTS' unlawful,

9   unfair and/or fraudulent activities pursuant to California Business and Professions Code

10  sections 17200-17205;

11       13.    That DEFENDANTS further be enjoined to cease and desist from all unlawful,

12  unfair or fraudulent activities in violation of California Business and Professions Code section

13  17200, pursuant to section 17203;

14       14.    That PLAINTIFF and the Hourly Class and PLAINTIFF and the Waiting Time

15  Class be awarded reasonable attorneys' fees and costs pursuant to California Labor Code

16  sections 218.5, 226, 1194, and 2802, California Code of Civil Procedure section 1021.5, and/or

17  other applicable law;

18       15.    For premium pay, wages, and penalties;

19       16.    That the Court award both prejudgment and post-judgment interest;

20       17.    For costs of suit herein incurred;

21       18.    For all other relief provided by the California Labor Code and California

22  Business and Professions Code; and,

23       19.    That the Court award such other and further relief as the Court may deem

24  appropriate.

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands trial of her, the Classes, and the Subclass's claims by jury to the extent authorized by law.

DATE: April 25, 2017

BERENJI LAW FIRM, APC

By: _____

SHADIE L. BERENJI
ANDREW J. MALATESTA
Attorneys for Plaintiff ARMINDA SEVILLA,
individually and on behalf of all other persons
similarly situated.