**SHADIE L. BERENJI (SBN 235021)**
Email: berenji@employeejustice.law
**OSCAR BUSTOS (SBN 279212)**
Email: bustos@employeejustice.law
**BRITTANEE A. MARKSBURY (SBN 315579)**
Email: marksbury@employeejustice.law
**BERENJI LAW FIRM, APC**
8383 Wilshire Boulevard, Suite 708
Beverly Hills, California 90211
Telephone: (310) 855-3270
Facsimile: (310) 855-3751

Attorneys for Plaintiff ARMINDA SEVILLA,
individually and on behalf of all other persons
similarly situated, and on behalf of the general
public.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINDA SEVILLA, individually and on behalf of all other persons similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>       v.<br><br>AARON'S, INC., a Georgia corporation, and DOES 1 through 30, inclusive;<br><br>    Defendant. | Case No. 2:17-cv-04053-DMG-E<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES:**<br><br>1. Failure to Pay Overtime Wages;<br>2. Failure to Pay Overtime Wages;<br>3. Failure to Pay Vacation Wages;<br>4. Failure to Reimburse Business Expenses;<br>5. Failure to Provide Rest Breaks;<br>6. Failure to Provide Meal Periods;<br>7. Failure to Timely Pay Wages;<br>8. Failure to Maintain Payroll Records and Provide Accurate Wage Statements;<br>9. Violation of California UCL;<br>10. PAGA.<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: April 28, 2017 |

1    Plaintiff ARMINDA SEVILLA ("PLAINTIFF" or "SEVILLA") brings this

2    action against DEFENDANT AARON'S, INC. and DOES 1 through 30, inclusive

3    (collectively "DEFENDANTS"), on behalf of herself and all others similarly

4    situated, and alleges upon information and belief, except as to the allegations

5    concerning PLAINTIFF or her counsel, which are made upon PLAINTIFF's

6    personal knowledge, as follows:

7                                 **NATURE OF ACTION**

8          1.    This action is brought on behalf of PLAINTIFF and a class of: (1) all

9    hourly-paid employees employed by, or formerly employed by, DEFENDANTS

10   within the State of California, to recover unpaid overtime compensation, vacation

11   wages, wages for meal and rest break violations, unreimbursed business expenses,

12   statutory penalties, restitution, as well as other damages owed pursuant to the

13   California Labor Code and California Business and Professions Code section

14   17200 et seq. (the "Hourly Class"); and, (2) all former similarly-situated

15   employees of DEFENDANTS that did not receive the timely payment of their

16   wages upon the termination of their employment to recover statutory penalties and

17   damages owed pursuant to California Labor Code section 203 (the "Waiting Time

18   Class").

19         2.    This action is additionally brought on behalf of PLAINTIFF and a

20   class of all hourly-paid employees employed by, or formerly employed by,

21   DEFENDANTS in the United States of America to recover unpaid overtime

22   wages owed pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), codified

23   in 29 U.S.C. section 201 et seq. (the "FLSA Class").

24         3.    As a result of DEFENDANTS' company-wide policies and practices,

25   PLAINTIFF and other members of the Hourly Class and the FLSA Class were

26   denied overtime wages because DEFENDANTS failed to include commission and

27   bonuses earned when determining PLAINTIFF and other members of the class'

28   regular rate of pay for calculating their overtime wages.  PLAINTIFF and other

members of the Hourly Class were also not reimbursed for necessary business expenses because DEFENDANTS required them to wear specific uniforms but did not reimburse PLAINTIFF and other members of the Hourly Class for the uniforms' cost.  Further, DEFENDANTS did not provide PLAINTIFF and other members of the Hourly Class with off-duty, uninterrupted meal and rest breaks as they routinely compelled PLAINTIFF and other members of the class to work during and through their meal and rest breaks.  PLAINTIFF and other members of the Hourly Class were not paid all wages due upon their termination because they did not timely receive all compensation due including overtime wages, vacation wages, additional wages for meal and rest periods that were not provided; premium pay for the failure to provide meal and rest breaks; and reimbursement of business expenses.  PLAINTIFF and other members of the Waiting Time Class were not paid all wages due upon their termination because they did not timely receive all of their earned wages.  PLAINTIFF and other members of the Hourly Class did not receive accurate itemized wage statements that complied with California Labor Code section 226, subdivision (a), because the wage statements did not accurately state gross wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, and net wages earned due to DEFENDANTS' failure to properly calculate and pay overtime wages, vested vacation wages, and to maintain lawful meal or rest break policies.

4.     Upon information and belief, in an effort to boost profits, DEFENDANTS systematically ignored their obligations under California and Federal wage and hour laws as set forth above.  PLAINTIFF is informed and believes and thereon alleges that these violations are continuing to this day.

5.     PLAINTIFF and the members of the Hourly Class were not provided with meal and rest breaks due to: DEFENDANTS' failure to maintain lawful meal or rest break policies; DEFENDANTS' requiring them to work through

and/or during their meal and rest breaks; and to work off-the-clock during their meal periods.

6.     PLAINTIFF and the members of the Hourly Class and the FLSA Class were denied overtime wages due to DEFENDANTS' failure to properly determine their regular rate of pay and in turn, failing to properly pay them their correct overtime wages.

7.     PLAINTIFF and the members of the Hourly Class were not paid their vacation wages at their final rate of pay upon termination of their employment.

8.     PLAINTIFF and the members of the Hourly Class were not reimbursed for necessary business-related expenses and costs such as costs for required uniforms.

9.     At all times relevant to this action, DEFENDANTS also had, and continue to have, a uniform policy and practice of knowingly and intentionally failing to furnish PLAINTIFF and the Hourly Class at the time of each payment of wages, an itemized statement in writing accurately showing all of the information required by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.

10.     At all times relevant to this action, DEFENDANTS also had, and continue to have, a uniform policy and practice of failing to pay PLAINTIFF and the Hourly Class and Waiting Time Class wages earned in a timely manner upon separation of employment.

11.     PLAINTIFF is informed and believes and thereon alleges that these violations are continuing to this day.

12.     PLAINTIFF is a member of and the named representative for the "classes" as defined in paragraph 58 below.   Specifically, PLAINTIFF is a member of and named representative of the Hourly Class, as defined in paragraph

58 below, the FLSA Class, as defined in paragraph 58 below, and the Waiting Time Class, as defined in paragraph 58 below.

13.    PLAINTIFF is a member of and the named representatives for the "Overtime Subclass" as defined in paragraph 59 below.  The term "Overtime Wage Subclass" includes PLAINTIFF and all other persons similarly situated.

14.    PLAINTIFF is a member of and the named representatives for the "Vacation Wage Subclass" as defined in paragraph 59 below.   The term "Vacation Wage Subclass" includes PLAINTIFF and all other persons similarly situated.

15.    PLAINTIFF is a member of and the named representatives for the "Rest Period Subclass" as defined in paragraph 59 below.  The term "Rest Period Subclass" includes PLAINTIFF and all other persons similarly situated.

16.    PLAINTIFF is a member of and the named representatives for the "Meal Period Subclass" as defined in paragraph 59 below.   The term "Meal Period Subclass" includes PLAINTIFF and all other persons similarly situated.

17.    PLAINTIFF is a member of and the named representatives for the "Business Expense Reimbursement Subclass" as defined in paragraph 59 below. The term "Business Expense Reimbursement Subclass" includes PLAINTIFF and all other persons similarly situated.

18.    PLAINTIFF is a member of and the named representatives for the "Itemized Wage Statement Subclass" as defined in paragraph 59 below.  The term "Itemized Wage Statement Subclass" includes PLAINTIFF and all other persons similarly situated.

19.    PLAINTIFF is a member of and the named representatives for the "Waiting Time Penalties Subclass" as defined in paragraph 59 below.  The term "Waiting Time Penalties Subclass" includes PLAINTIFF and all other persons similarly situated.

///

20.   As a result of DEFENDANTS' violations alleged herein, PLAINTIFF and the Hourly Class are entitled to the following remedies: 1) one and one-half times the regular rate of pay pursuant to California Labor Code section 1194 for work that exceeded eight (8) hours in one workday and/or forty (40) hours per workweek in violation of California Labor Code section 510; 2) payment of vested vacation wages at their final rate of pay pursuant to California Labor Code section 227.3; (3) reimbursement of business expenses that have not been reimbursed in violation of Labor Code section 2802; 4) premium pay under subdivision 12 of the applicable IWC Wage Orders for DEFENDANT'S failure to provide rest breaks in violation of California Labor Code section 226.7; 5) premium pay under subdivision 11 of the applicable IWC Wage Orders for missed and/or on-duty meal breaks in violation of California Labor Code sections 226.7 and 512; 6) waiting-time penalties under California Labor Code section 203 for untimely payment of final wages in violation of California Labor Code sections 201, 201.3, and/or 202; 7) actual damages and/or penalties under California Labor Code section 226, subdivisions (e) and (g), and penalties under section 2698 for inaccurate wage statements in violation of California Labor Code sections 226, 1174 and subdivision 7 of the applicable IWC Wage Orders; 8) restitution under California Business and Professions Code section 17203 for the unlawful and unfair business practices; 9) penalties under California Private Attorneys General Act of 2004 ("PAGA") codified in California Labor Code section 2698 et seq., including California Labor Code section 558 penalties, for the above-mentioned violations; and 10) an award of reasonable attorneys' fees and costs under California Labor Code sections 218.5, 1194, and 2699, subdivision (g)(1), and California Code of Civil Procedure section 1021.5 and/or other applicable law.

21.   As a result of DEFENDANTS' violations alleged herein, PLAINTIFF and the Waiting Time Class are entitled to the following remedies:

(1) waiting-time penalties under California Labor Code section 203 for untimely payment of final wages in violation of California Labor Code sections 201, 201.3, and/or 202; (2) restitution under California Business and Professions Code section 17203 for the unlawful and unfair business practices; and (3) an award of reasonable attorneys' fees and costs under California Labor Code sections 218.5 and 2698 et seq., and/or other applicable law.

22.   As a result of DEFENDANTS' violations alleged herein, PLAINTIFF and the FLSA Class are entitled to (1) one and one-half (1½) times the regular rate of pay for all work performed in excess of forty (40) hours per week; (2) liquidated damages; and (3) an award of reasonable attorneys' fees and costs under 29 U.S.C. sections 216 subdivision (b) and 255 subdivision (a).

## JURISDICTION AND VENUE

23.   The Court has jurisdiction over this matter because PLAINTIFF alleges state and federal law claims pursuant to the California Labor Code, the California Business and Professions Code, and the FLSA.

24.   At all times mentioned herein, DEFENDANT Aaron's was qualified to do business in the State of California and throughout the United States.

25.   Venue is proper in this district because DEFENDANT Aaron's maintained, and currently maintains, stores and employs a substantial number of employees in Los Angeles County.

## PARTIES

### The Representative Plaintiff

26.   PLAINTIFF and proposed class representative, ARMINDA SEVILLA was employed by DEFENDANTS from approximately December 2015 to February 15, 2017 as an hourly paid sales manager.  PLAINTIFF initially reported to work at DEFENDANTS' store located at 30900 Date Palm Drive, Cathedral City, California 92234 and then reported to work at DEFENDANTS' store located at 57580 29 Palms Highway, Suite B, Yucca Valley, California

92284. PLAINTIFF's final hourly rate of pay was $11.17 and she also received commissions based upon the lease or sale of goods, as well as monthly bonuses based upon reaching pre-determined sales goals. PLAINTIFF's job responsibilities included, but were not limited to, conducting and overseeing daily operations in the DEFENDANTS' retail stores and selling and leasing goods to customers. PLAINTIFF was hired by DEFENDANTS pursuant to written and implied contracts of employment, impliedly or explicitly, promising to pay in conformance with California wage and hour requirements. The texts of any written terms of contract are contained within DEFENDANTS' records.

27. Throughout PLAINTIFF's employment with DEFENDANTS, PLAINTIFF regularly worked more than eight (8) hours per workday and forty (40) hours per workweek, but was not paid the overtime premiums that she was entitled to because DEFENDANTS did not include PLAINTIFF's commissions and bonuses when determining PLAINTIFF's regular rate of pay.

28. PLAINTIFF regularly worked in excess of five (5) hours per day and was not provided with a one-half (1/2) hour meal break during which she was relieved of all duties, and was also not provided an uninterrupted, off-duty ten (10) minute rest break for every four (4) hours of work or major fraction thereof. DEFENDANTS maintained a system-wide policy or practice of failing to pay premium wages for these missed or shortened meal and/or rest breaks.

29. DEFENDANTS required PLAINTIFF to wear a specific uniform to work each day but DEFENDANTS did not reimburse PLAINTIFF for the expense of her uniform.

30. DEFENDANTS failed to pay PLAINTIFF all of her unused vested vacation wages at her final rate of pay when they terminated her.

31. DEFENDANTS failed to pay PLAINTIFF all wages owed at termination as a result of their failure to properly pay overtime/double-time wages, failure to pay vested vacation wages, failure to provide meal and rest

8

breaks, and failure to reimburse business expenses.  DEFENDANTS also failed to pay PLAINTIFF all wages owed at termination as a result of DEFENDANTS' failure to pay PLAINTIFF her wages due and owing until approximately fifteen days after her employment was terminated.

32.     The members of the Hourly Class PLAINTIFF seeks to represent are hourly-paid current or former employees of DEFENDANT in California who, on information and belief: 1) did not receive accurate itemized wage statements; 2) did not receive overtime premiums, and/or received improperly calculated double-time premiums, for all hours worked in excess of eight (8) in one workday, twelve (12) in one workday, or forty (40) in one workweek; 3) were not paid their vested vacation wages at their final rate of pay upon termination; 4) were not provided with meal breaks or premium pay in lieu thereof; 5) were not authorized or permitted to take rest breaks and did not receive premium pay in lieu thereof; 6) were not reimbursed for necessarily incurred business expenses; and 7) were not paid all wages due at the termination of their employment.  The members of the other Waiting Time Class PLAINTIFF seeks to represent are former employees of DEFENDANTS in California who, on information and belief: (1) were not timely paid all wages due upon the termination of their employment.

33.     The members of the FLSA Class PLAINTIFF seeks to represent are hourly-paid current or former employees of DEFENDANTS in the United States who, on information and belief did not receive overtime premiums, and/or received improperly calculated overtime premiums, for all hours worked in excess of forty (40) in one workweek.

34.     DEFENDANTS employ numerous employees in the State of California and across the United States.  Any differences in job activities between the different employees were and are legally insignificant to the issues presented by this action.

35.     On information and belief, PLAINTIFF and each member of the classes she seeks to represent were regularly subjected to, or had personal knowledge of, the violations described in this Second Amended Class Action Complaint for Damages ("Complaint") and/or the allegations contained herein made on information and belief based upon investigation of counsel.   Each member of the purported classes are, or did, work at DEFENDANTS' worksites and are therefore witnesses to the allegations of this Complaint.

**Defendants**

36.     DEFENDANT Aaron's owns and operates a large number of stores in California and across the United States that sell and lease goods.   On information and belief, DEFENDANT Aaron's owns, controls, and/or operates retail stores in California and across the United States where employees perform various job duties in order to service its customers.

37.     PLAINTIFF is ignorant of the true names or capacities of the DEFENDANTS sued herein under the fictitious named DOES 1 through 30, inclusive.

38.     PLAINTIFF is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, partners, joint venturer, successor in interest and/or predecessor in interest of some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below.   PLAINTIFF is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled and abetted the conduct of all other defendants.

39.     Upon information and belief, DEFENDANTS exercised, and continue to exercise, control over the wages, hours, and/or working conditions at their worksites in California by, including but not limited to: controlling the day-

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

to-day operations and significant business functions at their worksites; hiring, firing, and modifying the employment conditions of the employees at their worksites; controlling matters concerning compensation and promotion of employees; and, directing, supervising and arranging employee's work activities, work schedules and employment conditions.

40.     PLAINTIFF is informed and believes and thereon alleges that at all relevant times, each defendant, directly or indirectly, or through agents or other persons, employed PLAINTIFF and other members of the classes, and exercised control over their labor contracts, policies and procedures regarding wages, hours, and working conditions, and caused or permitted the violations of all of the aggrieved employees at issue in this Complaint.  PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS were joint-employers of PLAINTIFF and other members of the classes and are therefore independently and jointly and severally liable for violations as alleged herein.  At all times relevant to this action, PLAINTIFF and the other members of the classes have, directly or indirectly, performed services for each of the DEFENDANTS, and to the mutual benefit of all DEFENDANTS.

41.     DEFENDANTS were and are "employers" of PLAINTIFF and the classes, as defined in the IWC Wage Orders and for purposes of the FLSA, and caused or permitted the violations at issue in this Complaint.

42.     DEFENDANTS' violations as described in this Complaint were knowing, intentional, deliberate, and willful.

## FACTUAL BACKGROUND

43.     This is a class action pursuant to California Code of Civil Procedure section 382 to vindicate rights afforded to the class by the California Labor Code, the applicable IWC Wage Orders, California Business and Professions Code section 17200 et seq., California Code of Civil Procedure, California decisional law, and the FLSA.  This action is brought on behalf of PLAINTIFF and the

11

1    Hourly Class comprising of all current and former hourly-paid employees
2    employed by DEFENDANTS in the State of California during the applicable
3    liability period and PLAINTIFF, the Waiting Time Class comprised of all former
4    employees of DEFENDANTS that did not timely receive their wages due and
5    owing upon termination, and the FLSA Class comprised of all current and former
6    hourly-paid employees employed by DEFENDANTS across the United States
7    during the applicable liability period.

8           44.    At all times during the applicable liability period, DEFENDANTS
9    owned and operated retail stores in California and across the United States.

10          45.    At all times relevant to this action, DEFENDANTS controlled
11   PLAINTIFF'S wages, hours, and working conditions.  DEFENDANTS hired
12   PLAINTIFF.  DEFENDANTS directed and supervised PLAINTIFF's work at its
13   retail stores.  DEFENDANTS negotiated and set PLAINTIFF's rates of pay for
14   the work she performed and the method of compensation.  DEFENDANTS
15   provided PLAINTIFF with a place to work and determined her hours and
16   conditions of employment.  DEFENDANTS exclusively controlled the day-to-
17   day operations at their retail stores.  DEFENDANTS had the power to either
18   cause PLAINTIFF to work or prevent her from working on their behalf.
19   DEFENDANTS had exclusive control over PLAINTIFF's work activities, and
20   the tasks PLAINTIFF performed were for the benefit of DEFENDANTS and an
21   integral part of DEFENDANTS' regular business operations.

22          46.    During the applicable liability period, PLAINTIFF and members of
23   the Hourly Paid Class and the FLSA Class were employed to perform job duties
24   on the behalf of DEFENDANTS and received compensation on an hourly basis.
25   During the applicable liability period, PLAINTIFF and members of the Waiting
26   Time Class were employed to perform job duties on the behalf of
27   DEFENDANTS and received compensation for their labor.  The primary
28   obligations and responsibilities of PLAINTIFF and the classes included

performing job duties for the purpose of serving DEFENDANTS and DEFENDANTS' customers. PLAINTIFF and members of the Hourly Paid Class are not exempt from any of the provisions of the IWC Wage Orders because they were not compensated on a salary basis and more than half their compensation did not represent commissions. PLAINTIFF and members of the FLSA Class are not exempt from any provisions of the FLSA because they were not compensated on a salary basis and more than half of their compensation did not represent commissions.

47.     PLAINTIFF is informed and believes, and based thereon alleges, DEFENDANTS currently employ thousands of individuals, including hundreds or thousands of hourly-paid employees, in the State of California and across the United States.

48.     For at least four years prior to the filing of this action and through to the present, DEFENDANTS wrongfully withheld compensation for overtime hours worked and denied or cut short earned rest and meal breaks without proper compensation. DEFENDANTS systematically maintained and uniformly enforced against its non-exempt hourly-paid employees unlawful employment practices and policies in violation of California and Federal wage and hour laws, including:

(a)     failing to properly pay class members, including PLAINTIFF, for overtime worked pursuant to the California Labor Code and IWC Wage Orders;

(b)     failing to properly pay class members, including PLAINTIFF, for overtime worked pursuant to the FLSA;

(c)     failed to properly pay class members, including PLAINTIFF, for vested vacation wages at their final rate of pay at the time of termination;

(d)     failing to reimburse class members, including PLAINTIFF for necessary business-related expenses and costs;

(e)     failing to provide class members, including PLAINTIFF paid rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each rest period that is not provided, as required by California law;

(f)     failing to provide class members, including PLAINTIFF, meal periods of at least thirty (30) minutes before the end of five (5) hours of work and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each meal period that is not provided, as required by California law;

(g)     failing to pay class members, including PLAINTIFF, all wages due upon the end of their employment;

(h)     failing to provide class members, including PLAINTIFF, with accurate itemized wage statements, as required by California law;

(i)     failing to maintain accurate payroll and time records of class members, including PLAINTIFF, as required by California law;

(j)     failing to pay class members, including PLAINTIFF, statutory penalties pursuant to California Labor Code; and,

(k)     The final cause of action is brought primarily as a non-class California Labor Code PAGA claim.  PLAINTIFF has a substantive right, pursuant to the California Labor Code, to stand in the shoes of the State of California for purposes of this claim and no class certification is required for it, as the claim is primarily that of the State of California and this claim is primarily an enforcement action.  As such, PLAINTIFF wishes to pursue the PAGA claim as a non-class action claim to recover penalties and wages on behalf of the State of California.   In the alternative, PLAINTIFF can pursue the PAGA claim as a California Code of Civil Procedure section 382 class action.

49.   On information and belief, DEFENDANTS were well aware that PLAINTIFF, the Hourly Paid Class, and the FLSA Class were not provided with the foregoing.  DEFENDANTS' denial of wages and other compensation due to PLAINTIFF and members of the Hourly Paid Class and the FLSA Class was willful and deliberate.

50.   This action seeks recovery of wages and compensation due and owing to PLAINTIFF, the Hourly Paid Class, and the FLSA Class under California and Federal law for the maximum period allowed.

51.   For at least four years prior to the filing of this action and through to the present, DEFENDANTS wrongfully withheld compensation due and owing by failing to timely pay wages upon employees' termination.  DEFENDANTS' denial of wages and other compensation due to PLAINTIFF and members of the Waiting Time Class was willful and deliberate.

52.   This action seeks recovery of wages and compensation due and owing to PLAINTIFF and the Waiting Time Class under California law for the maximum period allowed.

53.   Unless this case proceeds as a class action, DEFENDANTS will likely continue their illegal labor law violations with impunity.  PLAINTIFF and the classes are therefore entitled to class-wide remedy, including injunctive relief, monetary damages, and all statutory penalties, plus interest, attorneys' fees and all other costs associated with DEFENDANTS' misconduct.

54.   The procedural requirements of a PAGA claim, pursuant to California Labor Code section 2699.3, subdivision (a), require first that the aggrieved employee or representative shall give written notice by certified mail to the California Labor and Workforce Development Agency and the employer(s). PLAINTIFF has met this requirement.

///

///

55.   Second, the procedural requirements, pursuant to California Labor Code section 2699.3, subdivision (a)(2)(A), provides that:

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the post mark of the notice given pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

56.   On April 10, 2017, PLAINTIFF satisfied the procedural requirements of California Labor Code section 2699.3 subdivision (a)(1)(A), by providing written notice of her claims for wage and hour violations and penalties to the California Labor and Workforce Development Agency ("LWDA") with an online filing and to DEFENDANTS via certified mail.  To date, the LWDA has not provided notice as to whether it intends to investigate PLAINTIFF's allegations.  As of June 14, 2017, sixty-five (65) calendar days since the postmark date of the notice given has passed.  As such, PLAINTIFF has complied with the administrative requirements of PAGA.

## CLASS ACTION ALLEGATIONS

57.   This action is maintainable as a class action pursuant to California Code of Civil Procedure section 382 as to claims for overtime wages, vested vacation wages, failure to reimburse necessary business expenses, meal and rest break violations, failure to timely pay wages upon termination, failure to provide accurate itemized wage statement violations and to maintain payroll information, and attorneys' fees and costs under the California Labor Code, the California Business and Professions Code, and the FLSA.  PLAINTIFF brings this action on

1  behalf of herself and all others similarly situated because there is a well-defined

2  community of interest in the litigation and the proposed classes are easily

3  ascertainable.

4      58.   PLAINTIFF seeks to represent the following classes:

5      (a) All current and former employees employed by

6      DEFENDANTS in the State of California who were

7      compensated by the hour within four (4) years of the

8      date of commencement of this action through the date

9      of final disposition of this action (the "Hourly Class");

10      (b) All former employees of DEFENDANTS in

11      California that did not receive the timely payment of

12      wages due and owing upon the termination of their

13      employment within four (4) years of the date final

14      disposition of this action (the "Waiting Time Class");

15      (c) All current and former employees employed by

16      DEFENDANTS in the United States who were

17      compensated by the hour within three (3) years of the

18      date of commencement of this action through the date

19      of final disposition of this action (the "FLSA Class")

20      (The Hourly Class, FLSA Class, and Waiting Time

21      Class are collectively hereinafter referred to as "the

22      Classes").

23      59.   PLAINTIFF also seek to represent the following sub-

24  Hourly Classes:

25      (a)   All Hourly Class members who were paid

26      overtime premiums that were improperly calculated due

27      to DEFENDANTS' failure to include all required

28

compensation when calculating the regular rate of pay ("Overtime Subclass");

(b)   All Hourly Class members who were paid vacation wages that were improperly calculated due to DEFENDANTS' failure to pay vested vacation wages at the final rate of pay at termination ("Vacation Wage Subclass");

(c)   All Hourly Class members who have worked five (5) and/or ten (10) hours in a workday without being provided with an uninterrupted thirty (30) minute meal period and denied compensation for meal break violations under California Labor Code sections 226.7, 512 and various IWC Wage Orders ("Meal Period Subclass");

(d)   All Hourly Class members who worked three and a half (3 ½) hours or more without being authorized or permitted to take a paid duty-free uninterrupted ten (10) minute rest break for every four hours of work or major fraction thereof and denied compensation for rest break violations under California Labor Code sections 226.7 and various IWC Wage Orders ("Rest Period Subclass");

(e)   All Hourly Class members who incurred necessary business-related expenses and costs that were not reimbursed ("Business Expense Reimbursement Subclass");

///
///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

(f)     All Hourly Class members who were not provided with accurate itemized wage statements ("Itemized Wage Statement Subclass"); and

(g)     All Hourly Class members who were not provided with final wages at the time of separation of employment ("Waiting Time Penalties Subclass").

Excluded from the Classes are all defendants, their officers, subsidiaries, affiliates, and any entity which Defendants have a controlling interest.

60.     PLAINTIFF reserves the right under California Rules of Court, rule 1855, subdivision (b), to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

**Numerosity of Class**

61.     The employees in the Classes identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, PLAINTIFF believes hundreds and/or thousands of employees would fall within the putative Classes.  The exact number is easily ascertained from DEFENDANTS' own employment records, which are presently within the control of DEFENDANTS.   Furthermore, upon application by PLAINTIFF'S counsel for certification of the Classes, the Court may be requested to also incorporate Subclasses in the interest of justice and judicial economy.

**Existence and Predominance of Common Questions of Fact and Law**

62.     Common questions of law and fact exist as to the class members that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     Whether DEFENDANTS were required to include commission and bonus compensation when determining the regular rate of pay when

1    calculating overtime compensation due to Plaintiff and other Hourly Class

2    and FLSA Class members;

3    (b)    Whether DEFENDANTS paid PLAINTIFF's and other Hourly Class

4    members' vested vacation wages at their final rate of pay upon termination;

5    (c)    Whether DEFENDANTS were required to reimburse PLAINTIFF

6    and other Hourly Class members for necessary business-related expenses

7    and costs;

8    (d)    Whether DEFENDANTS were required to authorize and permit

9    PLAINTIFF and other Hourly Class members to take an uninterrupted ten

10    minute off-duty rest period for every four hours or major fraction thereof

11    worked or compensate said employees one hour at their regular rate of pay

12    in lieu of rest periods;

13    (e)    Whether DEFENDANTS had a policy and/or practice of not paying

14    premium wages for missed, shortened, interrupted, or delayed rest breaks

15    attributable to the employer's instructions or undue pressure;

16    (f)    Whether DEFENDANTS were required to provide an uninterrupted

17    thirty minute off-duty meal period to PLAINTIFF and other Hourly Class

18    members no later than the end of the fifth hour of work and the end of their

19    tenth hour of work or compensate said employees one hour at their regular

20    rate of pay in lieu of meal periods;

21    (g)    Whether DEFENDANTS had a policy and/or practice of not paying

22    premium wages for missed, shortened, interrupted, or delayed meal breaks

23    attributable to the employer's instructions or undue pressure, and

24    unaccompanied by a suitable employee waiver or agreement;

25    (h)    Whether DEFENDANTS were required to pay all wages owed to

26    PLAINTIFF and members of the Hourly Class and Waiting Time Class at

27    the time of termination or within 72 hours of giving notice of intent to quit;

28

(i)     Whether DEFENDANTS were required to provide PLAINTIFF and other Hourly Class members with accurate itemized wage statements;

(j)     Whether DEFENDANTS violated the California Labor Code and IWC Wage Orders by the actions alleged herein;

(k)     Whether DEFENDANTS violated sections 17200 et seq. of the California Business and Professions Code by the actions alleged herein;

(l)     Whether PLAINTIFF and other Hourly Class Members, FLSA Class members, and Waiting Time Class Members are entitled to damages, restitution, wages, statutory penalties, premium wages, and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and IWC Wage Orders, California Business and Professions Code sections 17200 et seq., and the FLSA;

(m)     Whether PLAINTIFF, the State of California, and other aggrieved employees are entitled to recovery of penalties and wages owed pursuant to the California Labor Code Private Attorneys General Act; and

(n)     The nature and extent of class-wide injuries and the measure of damages, restitution and disgorgement for the injuries.

63.     There are no individualized factual or legal issues for the Court to resolve that would prevent this case from proceeding as a class action.

**Typicality**

64.     The claims of PLAINTIFF are typical of the claims of the Classes she seeks to represent.  PLAINTIFF and all members of the Classes sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of California laws.  PLAINTIFF and all Hourly Class members and FLSA Class members work, or have worked, for DEFENDANTS as non-exempt hourly-paid employees in DEFENDANTS' retail stores.  PLAINTIFF and all Waiting Time Class members formerly worked for DEFENDANTS in California.  PLAINTIFF and all Hourly Class members,

21

FLSA Class members, and Waiting Time Class members have the same rights to be paid for all hours worked based upon California and Federal wage and hour laws. PLAINTIFF and all Hourly Class members and FLSA Class members have not been properly compensated for all their work performed for the benefit of DEFENDANTS. PLAINTIFF and all Hourly Class members and FLSA Class members have not received all of the wages they are entitled to for all of their work performed for the benefit of DEFENDANTS. PLAINTIFF and all Hourly Class members have not been reimbursed by DEFENDANTS for necessary business-related expenses and costs. PLAINTIFF and some members of the Hourly Class and all members of the Waiting Time Class did not timely receive their wages upon the termination of their employment. PLAINTIFF and all members of the Hourly Class and the Waiting Time Class have suffered damages, including lost overtime wages, unlawfully withheld business expense reimbursements, unpaid premiums for meal and rest breaks resulting from DEFENDANTS' wrongful conduct, and untimely payment of wages upon termination. In addition, PLAINTIFF and the Hourly Class members and the Waiting Time Class members are entitled to equitable relief, as permitted by law, because DEFENDANTS' violations of state statutes have harmed the Classes and constitute an unfair business practice, especially when compared to those competitors who comply with California wage and hour laws.

**Adequacy**

65.    PLAINTIFF will fairly and adequately represent and protect the interests of the members of the Classes. PLAINTIFF has no interest adverse to the interests of absent of the members of the Classes. PLAINTIFF has retained counsel competent and experienced in complex class actions and labor and employment litigation.

///

///

**Superiority**

66.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Classes have been damaged and are entitled to recovery as a result of DEFENDANTS' common and uniform policies, practices and procedures.  Although the relative damages suffered by individual members of the Classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants to recover such damages.  Even if the individual members of the Classes could afford to prosecute their claims separately, such individual prosecutions would constitute a waste of the judicial resources.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about DEFENDANTS' practices.

**CAUSES OF ACTION**

67.    All causes of action described herein are brought on behalf of PLAINTIFF, both individually and on behalf of the Hourly Class, the FLSA Class, and/or the Waiting Time Class, against DEFENDANTS.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES – CAL. LABOR CODE**

**(PLAINTIFF, individually and on behalf of the Hourly Class, against**

**DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

68.    PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

69.    California Labor Code section 510, subdivision (a), provides, in pertinent part:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any

23

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1    work in excess of 40 hours in any one workweek and

2    the first eight hours worked on the seventh day of work

3    in any one workweek shall be compensated at the rate

4    of no less than one and one-half times the regular rate of

5    pay for an employee. Any work in excess of 12 hours in

6    one day shall be compensated at the rate of no less than

7    twice the regular rate of pay for an employee.

8    70.   Pursuant to subdivision 2(H) of the applicable IWC Wage Order,

9    "hours worked" include the time during which an employee is subject to the

10   control of an employer, and includes all the time the employee is suffered or

11   permitted to work, whether or not required to do so.

12   71.   Subdivision 3(A)(1)(a)-(b) of the applicable IWC Wage Order

13   requires that overtime hours be compensated as follows:

14   (a) One and one-half (1 ½) times the employee's regular

15   rate of pay for all hours worked in excess of eight (8)

16   hours up to and including 12 hours in any workday, and

17   for the first eight (8) hours worked on the seventh (7th)

18   consecutive day of work in a workweek; and,

19   (b) Double the employee's regular rate of pay for all

20   hours worked in excess of 12 hours in any workday and

21   for all hours worked in excess of eight (8) hours on the

22   seventh (7th) consecutive day of work in a workweek.

23   72.   By DEFENDANTS' conduct described in this Class Action

24   Complaint, DEFENDANTS violated the provisions of California Labor Code

25   sections 510, 1194, 1198 and the IWC Wage Orders, by employing PLAINTIFF

26   and the Hourly Class in excess of the limits provided by the law without time and

27   one half or double time pay of regular rates.   At all times relevant herein,

28

DEFENDANTS maintained and enforced policies and practices of refusing to pay PLAINTIFF and Hourly Class members for all hours worked as follows:

(a) DEFENDANTS failed to include all compensation earned, including, but not limited to, commissions and bonuses, when determining the regular rate of pay for calculating the overtime rate of pay.

73.   WHEREFORE, PLAINTIFF and the Hourly Class members are entitled to recover the unpaid overtime wages in an amount to be determined at trial, liquidated damages in an amount equal to the overtime wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code sections 218.5, 1194, subdivision (a), 1194.2, and 2699, subdivision (g)(1).

74.   DEFENDANTS are further liable for civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 1194, subdivision (a), 558, and 2698, et seq.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES - FLSA

**(PLAINTIFF, individually and on behalf of the FLSA Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

75.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

76.   The Fair Labor Standards Act, 29 U.S.C. section 207 subsection (a)(1), provides in pertinent part:

…no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours

1      above specified at a rate not less than one and one-half

2      time the regular rate at which he is employed.

3      77.    DEFENDANTS are employers engaged in commerce and/or the

4  production of goods for commerce within the meaning of 29 U.S.C. sections 206

5  subsection (a) and 207 subsection (a).

6      78.    At all relevant times, PLAINTIFF and the FLSA Class were or have

7  been employees of DEFENDANTS within the meaning of 29 U.S.C. sections 203

8  subsection (e) and 207 subsection (a).

9      79.    During PLAINTIFF's and the FLSA Class' employment with

10  DEFENDANTS, PLAINTIFF and the FLSA Class worked in excess of forty (40)

11  hours per workweek.  At all times relevant herein, DEFENDANTS maintained

12  and enforced policies and practices of refusing to pay PLAINTIFF and FLSA

13  Class members for all hours worked as follows:

14      (a) DEFENDANTS failed to include all compensation earned,

15          including, but not limited to, commissions and bonuses, when

16          determining the regular rate of pay for calculating the overtime

17          rate of pay.

18      80.    The foregoing conduct, as alleged, constitutes a willful violation of

19  the FLSA, within the meaning of 29 U.S.C. section 255 subdivision (a).

20      81.    By DEFENDANTS' conduct described in this Complaint,

21  DEFENDANTS violated the provisions of the FLSA, 29 U.S.C. section 207 by

22  employing PLAINTIFF and the FLSA Class in excess of the limits provided by

23  the law without time and one-half pay of regular rates.

24      82.    WHEREFORE, PLAINTIFF and the FLSA Class are entitled to

25  recover the unpaid overtime wages in an amount to be determined at trial,

26  liquidated damages from three (3) years immediately preceding the filing of this

27  action, plus interest thereon and reasonable attorneys' fees and costs of suit

28  pursuant to 29 U.S.C. sections 216 subdivision (b) and 255 subdivision (a).

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY VESTED VACATION WAGES**

**(PLAINTIFF, individually and on behalf of the Hourly Class, against**

**DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

83.    PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

84.    Under California law, vacation pay is another form of wages which vests as it is earned.  California Labor Code section 227.3 provides that upon termination of employment, all vested vacation must be paid to the employee at the final rate of pay.

85.    At all relevant times herein, DEFENDANTS failed to include overtime and bonuses when they paid PLAINTIFF and the Hourly Class their vested vacation wages.  As a result, DEFENDANTS systematically failed to pay PLAINTIFF's and the Hourly Class' vested vacation wages at their final rate of pay when they were terminated.

86.    In violation of the applicable sections of the California Labor Code, DEFENDANTS, as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to properly compensate PLAINTIFF and former employees of the Hourly Class for all earned and accumulated vacation upon termination of their employment because DEFENDANTS failed to pay the vacation wages at their final rate of pay.

87.    The above-mentioned uniform and systematic policies, practices and procedures of DEFENDANTS were intended to purposefully avoid the payment of wages required by California law which allows DEFENDANTS to illegally profit and gain an unfair advantage over competitors.

88.    WHEREFORE, PLAINTIFF and all the former employees of the Hourly Class are entitled to recover wages for all the vacation time that had

vested prior to termination of their employment at their final rate of pay in accordance with California Labor Code section 227.3.

89.   WHEREFORE, PLAINTIFF and all the current employees of the Hourly Class are entitled to declaratory and all other equitable relief and to enjoin DEFENDANTS to cease and desist from engaging in the practices described herein.

90.   DEFENDANTS are further liable for pre-judgment interest, civil penalties, civil attorneys' fees, and costs of suit pursuant to California Labor Code sections 218.5, 218.6, 558, and 2698, et seq.

### FOURTH CAUSE OF ACTION

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

91.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

92.   Pursuant to California Labor Code sections 2800 and 2802, DEFENDANTS are required to reimburse PLAINTIFF and Hourly Class for expenses incurred by them in the performance of their job duties, including expenses incurred in the purchase of employer-required uniforms of distinctive color and design.

93.   PLAINTIFF and the Hourly Class, and have not, received any reimbursement for the costs incurred in purchasing the uniforms required by DEFENDANTS.

94.   As a proximate result of DEFENDANTS' conduct, PLAINTIFF and the Hourly Class have suffered monetary loss and been deprived of their property in the form of unreimbursed expenses.  PLAINTIFF and the Class have not received reimbursement or additional wages for the maintenance of their uniforms.

95.     PLAINTIFF and the Class pray for the full amount of the expenses they incurred in the course of their job duties, attorney's fees, costs, penalties, and interest pursuant to California Labor Code sections 2802.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

96.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

97.     At all times relevant herein, California Labor Code section 226.7 provided as follows:

> (a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

98.     Subdivision 12 of the applicable IWC Wage Order provides as follows:

> "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be abed on the total hours worked daily at the rate often (10) minutes

net rest time per four (4) hours or major fraction thereof.

"(B) If an employer fails to provide an employee a rest period in accordance with the applicable provision of this Order, the employer shall pay the employee (1) one hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

99.   PLAINTIFF, as well as other members of the Hourly Class, were not provided time to take rest breaks during their work shifts of three and one-half hours or more.  PLAINTIFF and the Hourly Class were required to continue with their duties and work through their entire shift without any rest breaks.

100.   DEFENDANTS did not permit or authorize PLAINTIFF and, on information and belief, the Hourly Class members to take rest periods in accordance with the law.

101.   PLAINTIFF and, on information and belief, the Hourly Class members they seek to represent, did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFF and/or Hourly Class members were not willfully obtained, were not voluntarily agreed to, and was a condition of employment, or was part of an unlawful contract of adhesion.

102.   As a result of DEFENDANTS' failure to comply with rest period regulations set forth in the IWC Wage Orders and California Labor Code, each Hourly Class member is entitled to be compensated for one hour of additional pay at the regular rate of compensation for each rest period that was not provided pursuant to California Labor Code section 226.7 and the IWC Wage Orders. PLAINTIFF and the Hourly Class members are further entitled to restitution in

1  the amount of ten minutes of pay time for each rest period that DEFENDANTS

2  did not authorize or permit.

3      103.   DEFENDANTS are further liable for civil penalties and reasonable

4  attorneys' fees and costs of suit pursuant to California Labor Code sections 558

5  and 2698, et seq.

6                    **SIXTH CASE OF ACTION**

7                **FAILURE TO PROVIDE MEAL PERIODS**

8    **(PLAINTIFF, individually and on behalf of the Hourly Class, against**

9        **DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

10     104.   PLAINTIFF re-alleges and incorporates by reference each and every

11  allegation set forth in all the foregoing paragraphs as if fully set forth herein.

12     105.   At all times relevant herein, California Labor Code section 512

13  provided that "[a]n employer may not employ an employee for a work period of

14  more than five hours per day without providing the employee with a meal period

15  of not less than 30 minutes..."

16     106.   Further, California Labor Code section 226.7 provides:

17              (a)    No employer shall require any employee to work

18              during any meal or rest period mandated by an

19              applicable order of the Industrial Welfare Commission.

20              (b)    If an employer fails to provide an employee a

21              meal period or rest period in accordance with an

22              applicable order of the Industrial Welfare Commission,

23              the employer shall pay the employee one additional

24              hour of pay at the employee's regular rate of

25              compensation for each work day that the meal or rest

26              period is not provided."

27  ///

28  ///

                            31
SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

107.    Subdivision 11 of the applicable IWC's Wage Orders provides as follows:

"(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

"(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided..."

108.    PLAINTIFF, as well as other Hourly Class members, were not provided time to take an off-duty thirty (30) minute meal break during their work shifts.  All standard work shifts for Hourly Class members were greater than five (5) hours and Hourly Class members were regularly not provided with an off-duty meal period because they were required to work during and/or through their meal breaks.

109.    At all relevant times, DEFENDANTS failed to make, keep, and preserve accurate records required by California law with respect to PLAINTIFF and the other Hourly Class members, including the accurate start and end times for each meal period taken.

110.    As a result of DEFENDANTS' failure to comply with the meal period regulations set forth in the IWC Wage Orders and California Labor Code, each Hourly Class member is entitled to one hour of additional pay at the regular rate of compensation for each uninterrupted off-duty meal period that was not provided pursuant to California Labor Code sections 226.7, 512 and the IWC Wage Orders.  PLAINTIFF and the Hourly Class members are further entitled to

restitution in the amount of thirty minutes of pay time for each meal period that DEFENDANTS did not provide.

111.   DEFENDANTS are further liable for civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code sections 558 and 2698, et seq.

## SEVENTH CAUSE OF ACTION

## FAILURE TO MAINTAIN PAYROLL RECORDS AND PROVIDE ITEMIZED WAGE STATEMENTS

**(PLAINTIFF, individually and on behalf of the Hourly Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

112.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

113.   California Labor Code section 226, subdivision (a) states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing i) gross wages earned, ii) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, iii) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, iv) all deductions, provided that all deductions made on written orders of the

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

employee may be aggregated and shown as one item, v) net wages earned, vi) the inclusive dates of the period for which the employee is paid, vii) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, viii) the name and address of the legal entity that is the employer, and ix) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

114. In addition, section 1174 of the California Labor Code, and subdivision 7 of the IWC Wage Orders, requires DEFENDANTS to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees, and time records accurately recording meal periods. DEFENDANTS have created a uniform practice of knowingly and intentionally failing to comply with California Labor Code section 1174. The failure of DEFENDANTS, and each of them, to comply with California Labor Code section 1174 is unlawful pursuant to California Labor

Code section 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

115.  DEFENDANTS knowingly and intentionally failed to furnish the Hourly Class members with itemized statements that accurately reflected applicable hourly rates in effect, all hours worked, gross wages, and net wages.

116.  By failing to keep adequate records and furnish accurate itemized statements as required by California Labor Code sections 226 and 1174, subdivision (d), and the IWC Wage Orders, DEFENDANTS have injured PLAINTIFF and the Class.  This failure has injured PLAINTIFF and the Hourly Class by depriving them of wage and hour earnings information they are entitled to, making it difficult to calculate the unpaid wages due, causing them not to be paid wages they are entitled to and eviscerating their rights under California Labor Code section 226, subdivision (b) to review itemized wage statement information by inspecting the employer's underlying records.

117.  As a result, DEFENDANTS are liable to PLAINTIFF and the Hourly Class for actual damages pursuant to California Labor Code section 226, subdivisions (e) and (g).  DEFENDANTS are also liable for civil penalties and reasonable attorney's fees and costs of suit pursuant to California Labor Code sections 226.3, 1174.5, and 2698, et seq., in the amount to be proven at trial.

### EIGHTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES

**(PLAINTIFF, individually and on behalf of the Hourly Class and the Waiting Time Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

118.  PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

35

119. California Labor Code section 201, subdivision (a) provides, in pertinent part:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

120. California Labor Code section 202, subdivision (a), provides, in pertinent part:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72- hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

121. DEFENDANTS willfully failed to timely pay PLAINTIFF and the Hourly Class all of their wages due for work performed because DEFENDANTS failed to pay them their overtime wages, additional wages for meal and rest periods that were not provided, meal and rest break premiums, and reimbursement of business expenses and this failure continued through the time in which PLAINTIFF and many members of the Hourly Class quit or were

36

discharged from their employment with DEFENDANTS.   As a result, DEFENDANTS violated California Labor Code section 201, 201.3, and/or 202.

122.   DEFENDANTS willfully failed to timely pay PLAINTIFF and the Waiting Time Class all of their wages due for work performed because DEFENDANTS did not timely pay all wages due upon the termination of PLAINTIFF and Waiting Time Class members' employment. As a result, DEFENDANTS violated California Labor Code section 201, 201.3, and/or 202.

123.   California Labor Code section 203 states:

> If an employer willfully fails to pay, without abatement
> or reduction, in accordance with Sections 201, 201.5,
> 202, and 205.5, any wages of an employee who is
> discharged or who quits, the wages of the employee
> shall continue as a penalty from the due date thereof at
> the same rate until paid or until an action therefore is
> commenced; but the wages shall not continue for more
> than 30 days… Suit may be filed for these penalties at
> any time before the expiration of the statute of
> limitations on any action for the wages from which the
> penalties arose.

124.   As noted above, DEFENDANTS violated California Labor Code sections 201, 201.3 and/or 202 by failing to pay PLAINTIFF and Hourly Class members and Waiting Time Class members who quit, were involuntarily terminated, released after a specific job assignment or time duration, or were otherwise discharged, all of the wages due pursuant to the timelines provided in those sections.   DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

125.   PLAINTIFF and the Hourly Class she seeks to represent are entitled to compensation for all forms of wages earned, including, but not limited to,

compensation for overtime hours worked; additional wages for meal and rest periods that were not provided; premium pay for the failure to provide meal and rest breaks; reimbursement of business expenses; and other claims described in this Class Action Complaint.  But, to date, PLAINTIFF and the Hourly Class have not received such compensation, therefore entitling them to penalties under California Labor Code section 203.

126.   PLAINTIFF and the Waiting Time Class she seeks to represent are entitled to compensation for all forms of wages earned during their employment. But, to date, PLAINTIFF and the Waiting Time Class have not received such compensation, therefore entitling them to penalties under California Labor Code section 203.

127.   More than thirty (30) days have passed since PLAINTIFF and many affected members of the Hourly Class and have left DEFENDANTS' employ, and on information and belief, have not received payment pursuant to California Labor Code sections 201, 201.3, 202 and/or 203.  As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFF and many Hourly Class Members are entitled to 30 days wages as a premium wage or penalty under California Labor Code section 203.

128.   More than thirty (30) days have passed since PLAINTIFF and members of the Waiting Time Class have left DEFENDANTS' employ, and on information and belief, have not received payment pursuant to California Labor Code sections 201, 201.3, 202 and/or 203.  As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFF and Waiting Time Class Members are entitled to 30 days wages as a premium wage or penalty under California Labor Code section 203.

129.   WHEREFORE, PLAINTIFF and the Classes she seeks to represent are entitled to California Labor Code sections 203 and 210 penalties in amounts to be determined at trial.

130.   DEFENDANTS are further liable for civil penalties and reasonable attorneys' fees and costs of suit pursuant to California Labor Code section 218.5 and 2698, et seq.

## NINTH CAUSE OF ACTION

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW (PLAINTIFF, individually and on behalf of the Hourly Class and the Waiting Time Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

131.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

132.   DEFENDANTS engaged in unlawful activity prohibited by California Business and Professions Code section 17200 et seq.  The actions of DEFENDANTS as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of California Business and Professions Code section 17200 et seq.

133.   As described above, DEFENDANTS have conducted the following unlawful activities:

(a)   violation of California Labor Code sections 510 and 1194 and the IWC Wage Orders by failing to pay all overtime wages owed due to failing to properly calculate the regular rate when paying overtime wages to PLAINTIFF and the Hourly Class;

(b)   violation of the FLSA, 29 U.S.C. section 207 by failing to pay all overtimes wages owed due to failing to properly calculate the regular rate when paying overtime wages to PLAINTIFF and the FLSA Class;

(c)   violation of California Labor Code section 227.3 by failing to pay vested vacation wages at PLAINTIFF's and the Hourly Class' final rate of pay upon termination;

///

(d)     violation of California Labor Code section 2802 by failing to reimburse PLAINTIFF and the Hourly Class for necessarily incurred business expenses;

(e)     violation of California Labor Code section 226.7 by requiring PLAINTIFF and the Hourly Class to work during meal and rest periods mandated by the IWC Wage Orders and failing to provide PLAINTIFF and the Class with restitution in the amount of thirty minutes of pay for each meal period DEFENDANTS did not provide, and restitution in the amount of ten minutes of pay time for each rest period that DEFENDANTS did not authorize or permit;

(f)     violation of California Labor Code section 226.7 by requiring PLAINTIFF and the Hourly Class to work during meal and rest periods mandated by the IWC Wage Orders and failing to provide PLAINTIFF and the Class one (1) hour additional wages at the employee's regular rate of compensation for each meal and rest period not provided, authorized and permitted;

(g)     violation of California Labor Code sections 201, 201.3, 202, 203, 204 and 206 by failing to pay, without condition and within the time set by the applicable article, all wages, or parts thereof, conceded by DEFENDANTS to be due to PLAINTIFF and the Hourly Class, and PLAINTIFF and the Waiting Time Class;

(h)     violation of California Labor Code section 226 by failing to provide PLAINTIFF and the Hourly Class with accurate itemized wage statements; and,

(i)     violation of California Labor Code section 1174, subdivision (d), by failing to maintain required payroll records and knowingly and intentionally making it difficult to calculate the unpaid wages due.

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

1    134.   DEFENDANTS' activities also constitute unfair practices in

2    violation of California Business and Professions Code section 17200 et seq.,

3    because DEFENDANTS' practices violate the above-noted laws, and/or violate

4    an established public policy and/or the practice is immoral, unethical, oppressive,

5    unscrupulous, and substantially injurious to PLAINTIFF and the Class.

6    135.   As a result of DEFENDANTS' violations of the California Labor

7    Code, PLAINTIFF and the Hourly Class and Waiting Time Class have suffered

8    injury-in-fact and have lost money or property as a result of DEFENDANTS'

9    practices.  This injury-in-fact and loss of money or property consists of the lost

10   wages and other restitutionary remedies provided by the California Labor Code as

11   detailed in this Complaint and other resulting harms.  A tally of these damages

12   cannot readily be determined as the employment records are held exclusively or

13   nearly exclusively in DEFENDANTS' control.  PLAINTIFF and the Classes are

14   entitled to restitution, declaratory and other equitable relief against such unlawful

15   practices to prevent future damage for which there is no adequate remedy at law,

16   and to avoid a multiplicity of lawsuits.  PLAINTIFF is also seeking in the

17   alternative, by this class action, restitutionary disgorgement of such monies into a

18   fluid recovery fund.

19   136.   As a result of their unlawful acts, DEFENDANTS have reaped and

20   continue to reap unfair benefits and unlawful profits at the expense of

21   PLAINTIFF and the Classes she seeks to represent.  DEFENDANTS should be

22   enjoined from this activity and made to disgorge these ill-gotten gains and restore

23   to PLAINTIFF and the members of the Classes the wrongfully withheld wages

24   pursuant to Business and Professions Code section 17203.  PLAINTIFF is

25   informed and believes, and thereon alleges, that DEFENDANTS are unjustly

26   enriched through their failure to pay legal wages, and/or other remedies.

27   PLAINTIFF is informed and believes, and thereon alleges, that PLAINTIFF and

28   members of the Classes are prejudiced by DEFENDANTS' unfair trade practices.

137.   As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFF, individually and on behalf of all employees similarly situated, is entitled to full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFF and members of the Classes as a result of the business acts and practices described herein.

138.   PLAINTIFF is entitled to an award of attorneys' fees and costs as set forth herein and below.   PLAINTIFF and the Classes she seeks to represent request relief as described herein and below.

## TENTH CAUSE OF ACTION

**VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT OF 2004 (PLAINTIFF, individually and on behalf of the Hourly Class and the Waiting Time Class, against DEFENDANTS AARON'S and DOES 1 through 30, inclusive.)**

139.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

140.   PLAINTIFF submits this Complaint to include allegations pursuant to California Labor Code section 2698 et seq., the Private Attorneys General Act of 2004.   As described above, PLAINTIFF has complied with all of the administrative requirements.

141.   PLAINTIFF is an aggrieved employee as defined in California Labor Code section 2699, subdivision (c).   PLAINTIFF brings this case on behalf of herself and other current or former aggrieved employees affected by the labor law violations alleged in this Complaint.

142.   California Labor Code section 2699, subdivision (f), provides, in pertinent part:

> For all provisions of this code except those for which a
> civil   penalty   is   specifically   provided,   there   is
> established   a   civil   penalty   for   a   violation   of   these

42

provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

143.   PLAINTIFF also seeks civil penalties as provided under applicable California Labor Code sections for violations of the California Labor Code alleged herein pursuant to California Labor Code section 2699, subdivision (a). To the extent that any violation alleged herein does not carry a penalty, PLAINTIFF seeks civil penalties pursuant to California Labor Code section 2699, subdivision (f).   PLAINTIFF is also entitled to an award of attorneys' fees and costs as set forth below.

144.   PLAINTIFF's PAGA claim does not require class certification because these claims are made by PLAINTIFF on the behalf primarily of the State of California in this action.   Indeed, seventy-five percent (75%) of the net penalties obtained through PAGA accrue to the State of California.   Both the language of PAGA and the express intent of the Legislature indicate that an aggrieved employee may bring an action on behalf of other employees without complying with the requirements of a class action.   California Labor Code section 2699 specifically states that an aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any other provision of law…"   The wording of the PAGA, which authorizes an aggrieved employee to bring an action "on behalf of himself or herself and other current or former employees… [,]" is similar to the former wording of Business and Professions Code section 17204, which authorized a person to bring an action "acting for the interests of itself, its members or the general public."   The Legislature has made clear that an

action under the PAGA is in the nature of an enforcement action, with the aggrieved employee acting as a Private Attorney General to collect penalties from employers who violate labor laws.  Such an action is fundamentally a law enforcement action designed to protect the public and penalize defendants for past illegal conduct.  Restitution is not the primary object of a PAGA action.  An action under the PAGA is not for the purpose of recovering damages, but only for the recovery of a civil penalty.  Further, PAGA recoveries do not preclude an employee from pursuing any other claim he/she may have available under the law, including those for any unpaid wages.

145.   As such, PLAINTIFF individually holds a substantive right to bring PAGA claims by standing in the shoe of, and on behalf of, the State of California to enforce California labor laws.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, on behalf of herself and the Classes she seeks to represent in this Complaint, requests the following relief:

1.   That the Court determines this action be maintained as a Class Action under California Code of Civil Procedure section 382 with the named PLAINTIFF appointed as the class representative;

2.   For the attorneys appearing on the above-caption to be named class counsel;

3.   For a declaratory judgment that DEFENDANTS have violated the overtime provisions of California Labor Code section 510, 1194 and California Industrial Welfare Commission Wage Orders as to the PLAINTIFF and the Hourly Class;

4.   For a declaratory judgment that DEFENDANTS have violated the overtime provisions of the FLSA, 29 U.S.C. section 201 et seq., as to the PLAINTIFF and the FLSA Class;

///

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

5.     For a declaratory judgment that DEFENDANTS have violated California Labor Code section 227.3 by failing to pay PLAINTIFF and the Hourly Class for all vested vacation wages at their final rate of pay upon termination;

6.     For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 226.7, 512, and Industrial Welfare Commission Wage Orders by failing to provide, authorize and permit PLAINTIFF and the Hourly Class to take full and uninterrupted off-duty meal and rest periods, and by maintaining a system-wide policy or practice of failing to pay meal break premium wages when required;

7.     For a declaratory judgment that DEFENDANTS have violated California Labor Code section 2802 by failing to reimburse PLAINTIFF and the Hourly Class for necessarily incurred business expenses;

8.     For a declaratory judgment that DEFENDANTS have violated the recordkeeping provisions of California Labor Code section 226 and subdivision 7 of the Industrial Welfare Commission Wage Orders as to PLAINTIFF and the Hourly Class;

9.     For a declaratory judgment that DEFENDANTS have violated California Labor Code sections 201, 201.3, 202 and 203 for their willful failure to pay all compensation owed at the time of separation of employment of PLAINTIFF and the Hourly Class and PLAINTIFF and the Waiting Time Class;

10.    For a declaratory judgment that DEFENDANTS have violated California Labor Code section 226 by failing to timely furnish PLAINTIFF and the Hourly Class with itemized statements accurately showing the applicable hourly rates in effect, number of hours worked at each hourly rate, gross wages, and net wages;

11.    For a declaratory judgment that DEFENDANTS' violations have been willful and that the Court award to PLAINTIFF and the Hourly Class and

PLAINTIFF and the Waiting Time Class damages for the amount of unpaid compensation, unlawful deductions from wages, and damages for failure to furnish accurate itemized wage statements and penalties subject to proof at trial;

12.    For a declaratory judgment that DEFENDANTS have violated California Business and Professions Code section 17200 by failing to pay PLAINTIFF and the Hourly Class members overtime compensation including interest thereon, failing to pay all compensation due at the time of separation of employment, by failing to keep proper payroll records, by failing to afford full and uninterrupted meal and rest periods, by maintaining a system-wide policy or practice of failing to pay meal break premium wages when required, and by failing to furnish PLAINTIFF and the Class with accurate itemized wage statements;

13.    For a declaratory judgment that DEFENDANTS have violated California Business and Professions Code section 17200 by failing to pay PLAINTIFF and the Waiting Time Class all compensation due at the time of separation;

14.    That DEFENDANTS be ordered to pay restitution to PLAINTIFF and the Hourly Class and PLAINTIFF and the Waiting Time Class due to DEFENDANTS' unlawful, unfair and/or fraudulent activities pursuant to California Business and Professions Code sections 17200-17205;

15.    That DEFENDANTS further be enjoined to cease and desist from all unlawful, unfair or fraudulent activities in violation of California Labor Code section 227.3 and California Business and Professions Code section 17200, pursuant to section 17203;

16.    That PLAINTIFF and the Hourly Class, FLSA Class, and the Waiting Time Class be awarded reasonable attorneys' fees and costs pursuant to California Labor Code sections 218.5, 226, 1194, and 2802, California Code of

1   Civil Procedure section 1021.5, 29 U.S.C. section 216 subsection (b), and/or other

2   applicable law;

3       17.   For penalties pursuant to California Labor Code section 558;

4       18.   For penalties pursuant to California Labor Code section 2698 et seq.;

5       19.   For premium pay, wages, liquidated damages, and penalties;

6       20.   That the Court award both prejudgment and post-judgment interest;

7       21.   For costs of suit herein incurred;

8       22.   For all other relief provided by the California Labor Code and

9   California Business and Professions Code; and,

10      23.   That the Court award such other and further relief as the Court may

11  deem appropriate.

12                          **<u>DEMAND FOR JURY TRIAL</u>**

13      PLAINTIFF hereby demands trial of her, the Classes, and the subclass's

14  claims by jury to the extent authorized by law.

15

16  DATE: February 14, 2018                **BERENJI LAW FIRM, APC**

17

                                    By:  /s/ Shadie L. Berenji
18                                       _____
19                                       SHADIE L. BERENJI
                                         OSCAR BUSTOS
20                                       BRITTANEE A. MARKSBURY
                                         Attorneys for Plaintiff ARMINDA
21                                       SEVILLA, individually and on behalf of
                                         all other persons similarly situated.
22

23

24

25

26

27

28

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES