JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINDA SEVILLA, individually and on behalf of all other persons similarly situated, and on behalf of the general public,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>AARON'S, INC., a Georgia corporation, and DOES 1 through 30, inclusive;<br><br>　　Defendant. | Case No.: CV 17-4053-DMG (Ex)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [99] AND UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS [98]** |

1 | The Court, having considered Plaintiff's Motion for Final Approval of Class Action Settlement, the memorandum of points and authorities in support thereof and supporting evidence, and Defendant's non-opposition to the Motion for Final Approval, hereby ORDERS, ADJUDGES and DECREES as follows:

    1.    The Court GRANTS full and final approval of the terms and conditions contained in the Class Action Settlement Agreement and Release of Claims ("Settlement" or "Settlement Agreement") between Plaintiff and Defendant and the Settlement Agreement is hereby fully and finally approved and shall be carried out and effectuated according to its terms and this Order;

    2.    This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order;

    3.    The Court finds that the Gross Settlement Fund of $5,100,000 and the terms and conditions set forth in the Settlement Agreement are fair, reasonable, and adequate and in the best interest of the Class (defined below).  The Class Members (defined below), none of whom have opted out, shall be bound by the Settlement Agreement, including the release of claims.

    4.    For purposes of this settlement only, the Class is defined all current and former employees employed by Defendant in the State of California who were compensated by the hour from April 28, 2013 to January 31, 2020.  Members of the Class are referred to as "Class Members."  The Class also includes the Waiting Time Subclass which is defined as all former employees of Defendant who were compensated by the hour in the State of California and who were employed with Defendant from April 28, 2013 to January 31, 2020.

    5.    The Court finds that notice was given to Class Members of the terms of the settlement, that Class Members were advised of the final approval hearing, and that no valid objections to the Settlement have been made. Furthermore, no Class Members have opted out of participating in this action. The Class Notice,

which was sent to Class Members by first-class mail, was the best notice under the circumstances and satisfies the requirements of due process under Rule 23 subdivision (c)(2) of the Federal Rules of Civil Procedure and applicable law.

6. Upon the Settlement becoming final and effective (as defined in the Settlement Agreement), Plaintiff and Class Members will have settled and released the Releasees of the released claims (as stated in the Settlement Agreement).

7. Plaintiff, Class Members, and Defendant shall consummate the settlement in accordance with the terms of the Settlement Agreement. Except as expressly provided in the Settlement Agreement, the Releasees shall not have any further liability arising from this action for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability.

8. The Court confirms the appointment of the Class Representative and her attorneys of record, Shadie L. Berenji, Esq. and Brittanee A. Marksbury, Esq. of Berenji Law Firm, APC, to act on behalf of the Class in connection with the settlement.

9. The Court concludes that $1,700,000 is the amount of reasonable attorneys' fees and $36,700.00 is the amount of reasonable costs that should be paid to Class Counsel for all work done in and to be done until the completion of this litigation, and as reimbursement for reasonable fees and costs incurred in prosecuting this action, and hereby authorizes payment of the said amounts from the Gross Settlement Fund, in accordance with the Settlement Agreement.

    a. Defendant does not oppose Class Counsel's request for fees and costs. [Doc. # 102.] It is appropriate for courts to award class counsel a percentage of the overall settlement amount in common fund cases. *Vizcaino v. Microsoft Corp*. 290 F.3d 1043, 1047-50 (9th Cir. 2002). It is also not uncommon for courts to award one-third of the gross settlement fund as attorneys' fees where the

circumstances warrant it. *See, e.g., Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 506 (2016); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995). Moreover, even after using the well-established lodestar method as a "cross-check" on the reasonableness of Class Counsel's requested fees, the Court sees no reason not to award the amount that the parties have agreed upon through arm's-length negotiation with a respected mediator. Based on a review of Class Counsel's experience, education, and billing records, their requested lodestar of $934,068.50 appears reasonable. *See* Berenji Decl. at 43-52, Ex. A [Doc. # 98-2]. And due to the difficulty of the issues that this case presented, *see* Class Certification Order [Doc. # 85], the risk inherent in pursuing this litigation on a contingency basis, and the positive result that Class Counsel secured for the Class Members, a lodestar multiplier of about 1.82 is within the range of reason. Plaintiff's Motion for Attorneys' Fees and Costs [Doc. # 98] is **GRANTED**.

10. Defendant is hereby ordered to pay the settlement awards to the Class Representative and Class Members, the Class Representative incentive award in the amount of $15,000, the PAGA penalty payment in the amount of $510,000 to the Labor and Workforce Development Agency and the Class Members, and the settlement administration costs to Rust Consulting in the amount of $25,000, in accordance with the terms of the Settlement Agreement.

11. The Court retains continuing jurisdiction as to all matters relating to the administration and consummation of the settlement as provided in the Settlement Agreement and all other matters covered in this Order and the final judgment to be entered in this matter.

12. Nothing in this Order shall preclude any action to ensure that Defendant carries out its obligations under the Settlement Agreement, including that it make payments to the Class in accordance with the terms of the Settlement Agreement.

13. Upon entry of this Order, a final judgment shall be filed and entered herein and, except as otherwise provided herein and in the Settlement Agreement, Plaintiff, the Class, and Class Counsel shall bear their own attorneys' fees, costs, and expenses incurred by them in or arising out of the lawsuit and shall not seek reimbursement thereof from the Releasees.

14. The parties' Settlement Agreement shall not constitute an admission of liability or fault by Defendant or Releasees, or a finding as to the validity of any claims in the lawsuit or of any wrongdoing or violation of law by Releasees. The Settlement Agreement and the settlement contemplated by the Settlement Agreement are not a concession by the parties and, to the extent permitted by law, neither this Order, the final judgment, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the Releasees. Notwithstanding the foregoing, nothing in this Order or the final judgment shall be interpreted as prohibiting the use of this Order or the final judgment in a proceeding to consummate or enforce the Settlement Agreement or this Order or the final judgment to defend against the assertion of claims in any other proceeding, or as otherwise required by law.

15. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be

rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated.

**IT IS SO ORDERED.**

DATED: May 15, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE